1   Neda N. DalCielo (State Bar No. 161982)
    JACKSON LEWIS P.C.
2   177 Park Avenue, Suite 200
    San Jose, California 95113
3   Telephone:  (669) 256-5342
    Facsimile:  (669) 770-3282
4   E-mail:  Neda.DalCielo@jacksonlewis.com

5   Shannon B. Nakabayashi (State Bar No. 215469)
    Amy P. Frenzen (State Bar No. 245368)
6   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
7   San Francisco, California 94111-4615
    Telephone:  (415) 394-9400
8   Facsimile:  (415) 394-9401
    E-mail:  Shannon.Nakabayashi@jacksonlewis.com
9   E-mail:  Amy.Frenzen@jacksonlewis.com

10  Attorneys for Defendant
    VANTAGE MARKETING GROUP, LLC
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

| 15 | DILLON L. ARAQUE, on behalf of himself, all others similarly situated, | Case No. |
|---|---|---|
| 16 | | |
| 17 | Plaintiff, | **DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| 18 | v. | |
| 19 | VANTAGE MARKETING GROUP, LLC, a Utah limited liability company; TERMINIX INTERNATIONAL, INC., a Tennessee corporation; and DOES 1 through 50, inclusive, | Complaint Filed:     08/22/2019 |
| 20 | | |
| 21 | | |
| 22 | Defendants. | |
| 23 | | |
| 24 | | |

25      TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

26  THE NORTHERN DISTRICT OF CALIFORNIA:

27      PLEASE TAKE NOTICE that Defendant VANTAGE MARKETING GROUP, LLC

28  ("Vantage" or "Defendant") invokes this Court's jurisdiction under 28 U.S.C. § 1332 and removes,

                                    1

1   pursuant to 28 U.S.C. §1441, (as amended by the Class Action Fairness Act of 2005 Pub. L. 109-

2   2, section 4(a) ("CAFA")) this action to this Court from the Superior Court of the State of

3   California in and for the County of San Mateo ("San Mateo Superior Court").  While Defendant

4   disputes that Plaintiff DILLON ARAQUE ("Plaintiff") are entitled to any recovery in this action,

5   Plaintiff's allegations place in controversy a sufficient amount to bring this case within the

6   jurisdiction of this Court.  Vantage submits this Notice of Removal without waiving any defenses

7   to the claims asserted by Plaintiff and without conceding that Plaintiff has pled claims upon which

8   relief can be granted.  This removal is based on the following grounds:

9   **I.     PROCEDURAL BACKGROUND.**

10      1.     On August 22, 2019, Plaintiff Dillon L. Araque ("Plaintiff") filed a class action

11  Complaint in the Superior Court of the State of California, County of San Mateo entitled *Dillon*

12  *Araque v. Vantage Marketing Group, et al.* Case No. 19CIV04886 ("Complaint").   A true and

13  correct copy of the Summons and Complaint is attached to this Notice of Removal as **Exhibit A**.

14      2.     On September 25, 2019, Plaintiff served copies of the Complaint and Summons on

15  Defendant Vantage.

16      3.     On October 23, 2019, Defendant Terminix Corporation filed an Answer to the

17  Complaint.  A true and correct copy of Terminix's Answer is attached as **Exhibit B**.

18      4.     On October 24, 2019 Vantage filed an Answer to Plaintiff's Complaint in the

19  Superior Court of the State of California, County of San Mateo.  A true and correct copy of

20  Vantage's Answer is attached as **Exhibit C.**

21      5.     On or about October 24, 2019, Vantage learned that Plaintiff had filed a First

22  Amended Complaint ("FAC") on October 22, 2019. [1]  A true and correct of the First Amended

23  Complaint is attached as **Exhibit D.**   To date, Vantage has not been served with the FAC.  On

24  information and belief, Terminix has not been served with the FAC.

25

26  [1] The FAC appears to be duplicative of the Complaint in all respects except that it adds an
    additional cause of action for violation of the Private Attorneys General Act, Labor Code §§2698,
27  *et seq.* ("PAGA.")  The addition of this derivative PAGA claim does not impact Vantage's removal
    analysis.  As neither Defendant has been served with the FAC, Vantage bases its removal, as it
28  must, on the initial pleading.

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                                    Case No.

6.      On October 24, 2019, Terminix filed an Answer to the FAC.  A true and correct copy of Terminix's Answer, as served on Vantage, is attached as **Exhibit E.**

7.      **Exhibits A–E** constitute all the pleadings that have been filed or served by or against Vantage in this action as of the date of the filing of this Notice of Removal.

## II.      REMOVAL IS TIMELY.

8.      Plaintiff served Vantage with the Complaint on September 25, 2019.  Cole Decl. ¶8.  The present Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453.  *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.      NOTICE.

9.      Vantage will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of San Mateo, as required by 28 U.S.C. § 1446(d).

## IV.      PLAINTIFF'S ALLEGATIONS.

10.      Vantage is a pest control marketing company.  (Cole Decl. ¶4.) On behalf of its clients, it engages sales representatives ("Sales Reps") or independent contractors to promote and sell Vantage's client's products.  *Id.*  Defendant Terminix is one such client.  *Id.*  The Sales Reps are compensated solely by commissions and incentives based on the number of accounts serviced as well as other factors including their skills and experience  *Id.* at ¶5.

11.      Plaintiff alleges that he worked for Defendants "as a commission-base [*sic*] employee" from approximately June 2017 through on or about January 2019."  Complaint, p. 5, ¶19. [2]

12.      Plaintiff claims that he "and the putative class were misclassified as independent contractors while employed by Defendants."  Complaint, p. 5, ¶20.

13.      Plaintiff's Complaint alleges two putative classes and six putative sub-classes.  *See*

---

[2] The Complaint contains a series of paragraph numbering errors beginning on page seven.  To assist the Court and avoid confusion, Defendant will refer to all paragraphs by both their page and paragraph number.

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                                          Case No.

Complaint, p. 3,  ¶11.  Specifically he alleges: (1) <u>Hourly Employee Class:</u> All persons employed by Defendants and/or any staffing agencies and/or any other third parties in outside sales positions in California during the Relevant Time Period; (2) <u>Independent Contractor Class:</u> All Hourly Employee Class members who were mischaracterized as Independent Contractors; (3) <u>Meal Period Sub-Class:</u> All Hourly Employee Class members who worked in a shift in excess of five hours during the Relevant Time Period;  (4) <u>Rest Period Sub-Class:</u> All Hourly Employee Class members who worked a shift of at least three and one-half (3.5) hours during the Relevant Time Period; (5) <u>Wage Statement Penalties Sub-Class:</u> All Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered; (6) <u>Waiting Time Penalties Sub-Class:</u> All Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered; (7) <u>UCL Class:</u> All Hourly Employee Class members employed by Defendants in California during the Relevant Time Period; and (8) <u>Expense Reimbursement Class:</u> All persons employed by Defendants in California who incurred business expenses during the Relevant Time Period.  *Id.*

14.    Plaintiff's Complaint alleges seven claims on behalf of himself and the putative class(es): (1) failure to provide meal periods (Complaint, pp. 8-10, ¶¶ 6-19); (2) failure to provide rest periods (Complaint, pp. 10-11, ¶¶ 20-30); (3) failure to pay "hourly and overtime wages" (Complaint, pp. 11-13, ¶¶ 31-49); (4)  failure to indemnify (Complaint, pp. 13-15, ¶¶ 50-61); (5) failure to furnish "accurate written wage statements" (Complaint, pp. 15-17,  ¶¶ 62-68); (6) failure to timely pay all final wages (Complaint, pp. 17-18, ¶¶ 69-79); and (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17203 (the "UCL") (Complaint, pp. 18-20, ¶¶ 80-97).

**V.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.**

15.    Plaintiff brings this action as a putative class action.[3]  Removal based upon the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and

---

[3] Vantage denies and reserves the right to contest at the appropriate time, that this action can properly proceed as a class or representative action.

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                Case No.

1453 because (1) the amount placed in controversy by the FAC exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010).  Although Vantage denies Plaintiff's factual allegations and denies that Plaintiff or the classes he purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A.    The Putative Class Has More Than 100 Members.

16.    To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2.  Plaintiff's Complaint defines two primary classes as: "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in outside sales positions in California during the Relevant Time Period"; and "[a]ll Hourly Employee Class members who were mischaracterized as Independent Contractors."  Complaint, p.3 ¶11.  The "Relevant Time Period" is defined as "four years prior to the filing of this action."  *Id.*  During the Relevant Time Period, **270 Sales Reps** performed services in California pursuant to an agreement with Vantage.  Cole Decl. ¶¶5,7.  Therefore, this element of CAFA is met.

### B.    Diversity of Citizenship Exists.

17.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(a) (under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

1       18.    "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v.*

2  *Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert*

3  *Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction,

4  citizenship is determined by the individual's domicile at the time that the lawsuit is filed.

5  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*,

6  797 F.2d 747, 750 (9th Cir. 1986)).  The Complaint alleges that Plaintiff is a California resident.

7  Complaint, p. 2,  ¶4.  Therefore, Plaintiff is a citizen of California for diversity jurisdiction

8  purposes.  Moreover, Plaintiff has brought claims on behalf of putative class members residing in

9  California.  (*Id.* at p. 3, ¶ 11.)  Thus, at least one putative class member is a citizen of California

10  for diversity jurisdiction purposes.

11       19.    CAFA provides that an unincorporated association is a citizen of the state where it

12  has its principal place of business and under whose laws it is organized.  28 U.S.C. § 1332(d)(10).

13  *See Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist.

14  LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Ferrell v. Express Check Advance of S.C. LLC*,

15  591 F.3d 698, 705 (4th Cir. 2010) (under CAFA, an LLC is a citizen of the State under whose laws

16  it is organized and the State where it has its principal place of business); *Marroquin v. Wells Fargo,*

17  *LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3,

18  2011) (applying *Ferrell* to find that minimum diversity existed).[4]

19       20.    Vantage is a Utah limited liability company with its principal place of business in

20  Utah.  Cole Decl. ¶3.  *See also* Complaint, p. 2, ¶5.  Therefore, Vantage is a citizen of Utah.

21       21.    For diversity purposes, a corporation is deemed to be a citizen of any state in which

22  it has been incorporated and of any state where it has its principal place of business.  28 U.S.C. §

23  1332(c)(1).

24       22.    Defendant Terminix is on information and belief incorporated under the laws of

25  Delaware and has its principal place of business in Tennessee.  Complaint, p. 2,  ¶ 6 (alleging

26  Terminix is a "Tennessee corporation.")  Terminix is a Tennessee corporation.

27

28
_____

[4] Under Section 1332's clear and unequivocal language, an LLC need only demonstrate its own
State of registration and principal place of business.

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                Case No.

23.     It is not necessary for DOES 1 through 50 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint or the FAC, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

24.     Accordingly, at least one member of the putative class is a citizen of a state different from two named defendants.  Plaintiff is a citizen of California; Defendant Vantage is a citizen of Utah and Terminix is a citizen of Tennessee.  As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C.     The Amount in Controversy Exceeds $5,000,000.**

25.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum.  *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013).  Because Plaintiff has not expressly pled a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

26.     Vantage's burden to establish the amount in controversy is the preponderance of the evidence standard.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014).  *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                                         Case No.

27.     A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda v. Gucci America, Inc.*, Case No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at \*12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at \*5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's FAC, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

28.     Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-cv-08424-ODW (MRW), 2015 U.S. Dist. LEXIS 7442, at \*4–5 (C.D. Cal. Jan. 22, 2015). However, as detailed below, Vantage has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

29.     Although Vantage denies Plaintiff's allegations and denies that Plaintiff or the classes he seeks to represent are entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                                      Case No.

1    claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[5]

2    **Meal Period Premium Pay**

3        30.    Under California Labor Code Section 226.7, an employer must pay an employee

4    "premium pay" equal to one hour of additional pay at the employee's "regular rate" of

5    compensation for each workday that a meal or rest break to which an employee is entitled is not

6    provided.  Cal. Lab. Code § 226.7(c).  The statute of limitations period for meal and rest break

7    claims is three years.  However, Plaintiff's seeks lost "premium wages" for missed meal and rest

8    breaks for the entire four-year class period.  Complaint, p. 9, ¶17. *See Dawson v. Hitco Carbon*

9    *Composites, In*c., No. CV16-7337 PSG (FFMx), 2016 U.S. Dist. LEXIS 173835, at *5 (C.D. Cal.

10    Dec. 14, 2016) (cause of action for restitution under California Business and Professions Code

11    section 17200 effectively extends the statute of limitations period to four years).

12        31.    There are two main factors in calculating the amount-in-controversy for a Plaintiff's

13    meal and rest period claims: (1) the frequency of the alleged violations; and (2) the amount of

14    premium pay allegedly owed.

15        32.    With respect to meal period frequency, Plaintiff specifically alleges that he and the

16    putative class members <u>never</u> received a legally compliant meal break. *See* Complaint, p. 6, ¶¶22-

17    23 ("Defendants *never* relinquished control over Plaintiff and the putative class during their meal

18    breaks." "B]ecause Plaintiff and the putative class were accompanied by Defendants' management

19    team on their meal periods, Plaintiff and the putative class were *continuously* under Defendants'

20    control.") (emphasis added).  As Plaintiff specifically alleges he and the putative class "never"

21    received a compliant meal break, it is reasonable for Vantage to assume a 100% violation rate.  *See*

22    *also Oda v. Gucci America, Inc.*, Case No. 2:14-CV-07469-SVW, 2015 U.S. Dist. LEXIS 1672,

23    _____
[5] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's
24    FAC.  Vantage's references to potential damage amounts based on Plaintiff's allegations are
      provided solely for establishing that the amount in controversy is more likely than not in excess of
25    the jurisdictional minimum.  Vantage maintains that each of Plaintiff's claims is without merit and
      that Vantage is not liable to Plaintiff or any putative class member.  In addition, Vantage denies
26    that liability or damages can be established on a classwide basis.  No statement or reference
      contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or
27    could actually recover any damages based upon the allegations contained in the Complaint or
      otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a
28    prospective assessment of [Defendant's] liability."  *Lewis v. Verizon Commcn's., Inc.*, 627 F.3d
      395, 400 (9th Cir. 2010).

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                              Case No.

1    at *10 (C.D. Cal. Jan.7, 2015) (applying a 50% violation rate where the plaintiff alleged that the

2    putative class "sometimes" did not receive their meal periods).

3              33.     Plaintiff and the putative class members were independent contractor Sales Reps

4    who were paid commissions, plus incentives. Cole Decl. ¶¶4-6. *See* Complaint, p. 6, ¶ 25

5    ("Plaintiff and the putative class were solely commission-based….")  Those commissions were

6    determined by the parties' contract or Sales Rep Agreements. Cole Decl. ¶5. Commissions rates

7    varied. *Id.,* Exh. 1., Exh. A. Plaintiff's Sales Rep Agreement provided for between $23,018 and

8    $140,525 for the term of his contract. Most Sales Reps performed services during their summer

9    and winter breaks. Cole Decl. ¶6. Plaintiff's Sales Rep Agreement had a 10-week term. *See also*

10   *id.* Exh1. Others had a 20-week term (Adjusted Start Dates varying between April 7 and May 9

11   and Adjusted End Dates varying between August 17th and August 30th). Accordingly, and using

12   conservative estimates, if Sales Reps made a minimum $23,018 in commissions during their

13   contract, and conservatively assuming that such contract was an average 15 weeks long, such

14   payment would be the equivalent of $38.36 per hour ($23,018 divided by 15 weeks divided by 40

15   hours per week = $38.36).

16             34.     Defendant's records indicate that it entered into contracts with 270 different Sales

17   Reps during the four-year class period. Conservatively, if each of the 270 Sales Reps had at most

18   one summer-only contracts during the four-year putative class period (or 15 workweeks) the

19   amount-in-controversy for the meal period violations would be: **$776,790** calculated as follows:

20   ($38.36 *5 days per week * 15 workweeks* 270 Sales Reps).

21                                    **Rest Period Premium Pay**

22             35.     Plaintiff also alleges that "Plaintiff and the putative class were regularly not

23   provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

24   because they were encouraged to continue selling so they could make as much money as they

25   could." Complaint, p. 6, ¶25. Plaintiff further alleges "Defendants maintained a policy or practice

26   of **not providing** … rest period[s]….". *Id.* at p. 10, ¶26.

27             36.     Based on Plaintiff's allegation that Defendants had a policy of not providing rest

28   periods at all as well as Plaintiff's assertion that the putative class "**regularly**" did not receive

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                                    Case No.

compliant rest breaks, it is reasonable to assume 60% or 3-out-of-5-day violation rate. *See Oda,* 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. Jan.7, 2015) (a 50% violation rate appropriate based on an allegation of "sometimes" not receiving breaks.).

37.    Conservatively, if each of the 270 Sales Reps had at most one summer-only contracts during the four-year putative class period (or 15 workweeks) and did not receive compliant rest periods 60% of the time, the amount-in-controversy for the rest period violations would be: **$466,074** calculated as follows:  ($38.36*3 days per week * 15 workweeks* 270 Sales Reps).

## **Wage Statement Penalties**

38.    Under section 226(a), an employer must furnish its employees itemized wage statements that accurately show, among other things, gross wages earned and all applicable hourly rates in effect during the pay period.  If an employer fails to furnish accurate itemized wage statements in accordance with section 226(a), an employee may recover the greater of (a) actual damages; or (b) a statutory penalty of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  Cal. Lab. Code § 226(e).  The statute of limitations period for an employee seeking actual damages is three years, while the statute of limitations period for an employee seeking the statutory penalty is one year.  *See Singer v. Becton, Dickinson & Co.*, Case No. 08-cv-0821 IEG (BLM), 2008 U.S. Dist. LEXIS 56326, *4-5 (S.D. Cal. July 25, 2008).

39.    Because Plaintiff asserts two substantive claims, one involving alleged underpayment of overtime and one involving alleged underpayment for missed meal and/or rest breaks, there are two theories in which Defendant could arguably be held liable for inaccurate wage statements.  First, if Defendant failed to properly calculate employee overtime, the wage statements in the pay periods include inaccurate overtime rates would be inaccurate.  Second, if Defendant failed to pay meal or rest break premiums, or paid the wrong amount, the wage statements in the pay periods in which employees missed either a meal or rest break would include inaccurate gross wages earned.

40.    Therefore, assuming, as alleged by Plaintiff in this action, that Defendant failed to

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                                                    Case No.

provide meal and rest periods and provided them inaccurate wage statements in these pay periods, the amount-in-controversy for purported inaccurate wage statements equals at least **$391,500** calculated as follows:  $50 for the first violation for 270 Sales Reps, $100 for each subsequent violation assuming, at most, 15 total weekly pay periods.

### **Waiting Time Penalties**

41.     Under Labor Code Section 203, if an employer fails to pay all wages owed to the employee immediately upon the employee's discharge, or within 72 hours of the employee's notice of resignation, the employer is liable for a penalty equal to one day of pay for each day wages are late, up to a maximum of 30 days.  Cal. Lab. Code §§ 201-03.  The statute of limitations period for section 203 penalties is three years.  *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010); *see Chang v. Biosuccess Biotech Co., Ltd.*, 76 F. Supp. 3d 1022, 1052 (C.D. Cal. 2014).

42.     Here, Plaintiff alleges that Defendants paid "final wages" without regard to Labor Code §§ 201-203.  Complaint, pp. 17-18, ¶76.

43.     Sales Reps' independent contractor agreements are for a specified term.  Assuming, conservatively, that each of the 270 California Sales Reps' contract entered into one contract that was terminated, the amount-in-controversy for Plaintiff's waiting time penalty claim would be **$2,485,728**  calculated as follows: $38.36* 8 hours per day * 30 days * 270 Sales Reps.

### **Additional Claims Increase the Amount in Controversy**

44.     In addition to these claims, Plaintiff seeks damages on behalf of himself and the putative class for:

    a.  failure to pay minimum wage (Complaint, pp. 11-13, ¶¶ 31-49;

    b.  failure to pay overtime (*Id.*);

    c.  failure to pay one hour per week for maintenance of uniforms pursuant to "Section 9 of the Applicable Wage Orders" (Complaint, p. 13, ¶¶46-49);

    d.  unreimbursed cell phone expenses (Complaint, pp. 13-15, ¶¶50-61);

    e.  unreimbursed uniform and laundry expenses (*Id.)*;

    f.  PAGA penalties  (FAC)

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                    Case No.

1    45.    These potential damages and/or penalties <u>significantly increase</u> the amount in

2    controversy.

3                                      **Attorneys' Fees**

4    46.    Finally, Plaintiff seeks his attorneys' fees and costs (Prayer for Relief (12).  As the

5    Ninth Circuit has recently confirmed, when a statute or contract provides for the recovery of

6    attorneys' fees, prospective attorneys' fees <u>must</u> be included in the assessment of the amount in

7    controversy.  *Arias v. Residence Inn,* 936 F.3d 920, 922 (9th Cir. 2019) (citing *Fritsch v. Swift*

8    *Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)) (emphasis added).  Here, as in *Arias,*

9    Plaintiff seeks attorneys' fees pursuant to various California Labor Code fee-shifting provisions

10   including Labor Code Sections 218.6, 226 & 1194.  *See e.g.* Complaint, pp. 9-10, ¶19, p.11, ¶30,

11   p. 15, ¶61, pp. 16-17, ¶68, p. 18, ¶79, and Prayer for Relief (12).

12   47.    The Ninth Circuit uses a benchmark rate of twenty-five percent of the potential

13   damages as the amount of attorneys' fees. *In re Quintus Sec. Litig*., 148 F. Supp. 2d 967, 973 (N.D.

14   Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Although Vantage denies

15   Plaintiff's claim for attorneys' fees, for purposes of removal, the amount in controversy necessarily

16   includes an additional 25% for such fees.

17   **Summary**

18   48.    As a result, even without considering value of Plaintiff's minimum wage, overtime,

19   expense reimbursement and PAGA claims, the amount in controversy is met as follows:

20

| Claim | Amount |
|---|---|
| Meal Breaks | $776,790 |
| Rest Breaks | $466,074 |
| Labor Code Section 226 Penalties | $391,500 |
| Labor Code Section 203 Penalties | $2,485,728 |
| Attorney's Fees (25% of $4,147,154) | $1,030,050 |
| **TOTAL** | **$5,150,252** |

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                Case No.

**VI.   SUPPLEMENTAL JURISDICTION.**

49.   To the extent any of Plaintiff's claims are not removable under CAFA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

**VII.   VENUE.**

50.   "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  As stated above, Plaintiff brought this action in California Superior Court, County of San Mateo.  Thus, without waiving its rights and affirmative defenses, Defendant does not dispute for purposes of removal that venue lies in the United States District Court for the Northern District of California.  28 U.S.C. §§ 84(a), 1441(a).

**VIII.   CONCLUSION.**

Based on the foregoing, Vantage requests that this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Vantage respectfully requests the opportunity to present a brief and oral argument in support of its argument that removal is proper.

Dated:  October 25, 2019                  JACKSON LEWIS P.C.


By:   /s/ Shannon B. Nakabayashi
Neda N. DalCielo
Shannon B. Nakabayashi
Amy P. Frenzen
Attorneys for Defendant
VANTAGE MARKETING GROUP, LLC

DEFENDANT VANTAGE MARKETING GROUP, LLC'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT                  Case No.

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>VANTAGE MARKETING GROUP, LLC, a Utah limited liability company; TERMINIX INTERNATIONAL, INC., a Tennessee corporati<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>DILLON L. ARAQUE, on behalf of himself, all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically<br>**FILED**<br>by Super or Court of California, County of San Mateo<br>ON<br>**8/22/2019**<br><br>By      **/s/ Anthony Berini**<br>Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo Superior Court<br>400 County Center<br>Redwood City, California 94063 | CASE NUMBER:<br>*(Número del Caso):* 19-CIV-04886 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| | | | | |
|---|---|---|---|---|
| DATE: 8/22/2019<br>*(Fecha)* | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Anthony Berini | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Vantage Marketing Group, LLC, a Utah limited liability company
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. ... ....]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Araque v. Vantage Marketing Group, LLC | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

on; and DOES 1 through 50, inclusive,

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1   Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2   William M. Pao (SBN 219846)
     william@setarehlaw.com
3   Alexandra R. McIntosh (SBN 320904)
     alex@setarehlaw.com
4   SETAREH LAW GROUP
     315 South Beverly Drive, Suite 315
5   Beverly Hills, California 90212
     Telephone (310) 888-7771
6   Facsimile (310) 888-0109

7   Attorneys for Plaintiff
     DILLON L. ARAQUE

8

9

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     8/22/2019
By_____/s/ Anthony Berini_____
                    **Deputy Clerk**

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF SAN MATEO

12                         UNLIMIMTED JURISDICTION

13

| | |
|---|---|
| 14 DILLON L. ARAQUE, on behalf of himself, all others similarly situated, | Case No.  19-CIV-04886 |
| 15 | **CLASS ACTION** |
| 16 *Plaintiff,* | **COMPLAINT** |
| 17 vs. | 1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); |
| 18 VANTAGE MARKETING GROUP, LLC, a Utah limited liability company; TERMINIX INTERNATIONAL, INC., a Tennessee | 2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); |
| 19 corporation; and DOES 1 through 50, inclusive, | 3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); |
| 20 | 4.  Failure to Indemnify (Lab. Code § 2802); |
| 21 *Defendants.* | 5.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); |
| 22 | 6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); |
| 23 | 7.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); |
| 24 | |
| 25 | **JURY TRIAL DEMANDED** |

26

27

28

CLASS ACTION COMPLAINT

1    COMES NOW, Plaintiff DILLON L. ARAQUE ("Plaintiff"), on behalf of himself, all
2    others similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.    Plaintiff brings this class and representative action against Defendant VANTAGE
5    MARKETING GROUP, LLC, a Utah corporation; TERMINIX INTERNATIONAL, INC., a
6    Tennessee corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants")
7    for alleged violations of the Labor Code and Business and Professions Code.  As set forth below,
8    Plaintiff alleges that Defendants have:

9            (1)    failed to provide him and all other similarly situated individuals with meal
10                  periods;
11           (2)    failed to provide them with rest periods;
12           (3)    failed to pay them premium wages for missed meal and/or rest periods;
13           (4)    failed to pay them premium wages for missed meal and/or rest periods at the
14                  regular rate of pay;
15           (5)    failed to reimburse them for all necessary business expenses;
16           (6)    failed to provide them with accurate written wage statements; and
17           (7)    failed to pay them all of their final wages following separation of
18                  employment.

19       Based on these alleged Labor Code violations, Plaintiff now brings this class action to
20    recover unpaid wages, restitution and related relief on behalf of himself, all others similarly
21    situated.

22                              **JURISDICTON AND VENUE**

23       2.    This Court has subject matter jurisdiction to hear this case because the monetary
24    damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal
25    jurisdiction of the Superior Court of the State of California.

26       3.    Venue is proper in the County of San Mateo because Defendants' principal place of
27    business is in Utah, is incorporated under the laws of Utah, does business in the State of California,
28    and has not registered a California place of business with the California Secretary of State. As such,

1 | venue is proper in any county in California.

2 | **PARTIES**

3 |     4.    Plaintiff DILLON L. ARAQUE is, and at all relevant times mentioned herein, an
4 | individual residing in the State of California.

5 |     5.    Plaintiff is informed and believes, and thereupon alleges that Defendant VANTAGE
6 | MARKETING GROUP, LLC is, and at all relevant times mentioned herein, a Utah corporation
7 | doing business in the State of California.

8 |     6.    Plaintiff is informed and believes, and thereupon alleges that Defendant TERMINIX
9 | INTERNATIONAL, INC. is, and at all relevant times mentioned herein, a Tennessee corporation
10 | doing business in the State of California.

11 |     7.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as
12 | DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.
13 | Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants
14 | when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the
15 | fictitiously named defendants are responsible in some manner for the occurrences, acts and
16 | omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these
17 | defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and
18 | capacities of the DOE defendants when ascertained.

19 |     8.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
20 | mentioned herein, some or all of the defendants were the representatives, agents, employees,
21 | partners, directors, associates, joint venturers, principals or co-participants of some or all of the
22 | other defendants, and in doing the things alleged herein, were acting within the course and scope of
23 | such relationship and with the full knowledge, consent and ratification by such other defendants.

24 |     9.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
25 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert
26 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,
27 | acts and omissions alleged herein.

28 | ///

CLASS ACTION COMPLAINT

1

## CLASS ALLEGATIONS

2      10.     This action has been brought and may be maintained as a class action pursuant to

3  Code of Civil Procedure section 382 because there is a well-defined community of interest among

4  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

5  unaware of any difficulties likely to be encountered in managing this case as a class action.

6      11.     **Relevant Time Period**:  The relevant time period is defined as the time period

7  beginning four years prior to the filing of this action until judgment is entered.

8      **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies
   and/or any other third parties in outside sales positions in California during the **Relevant**
9  **Time Period**.

10     **Independent Contractor Class**: All **Hourly Employee Class** members who were
    mischaracterized as Independent Contractors.
11

12     **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
    shift in excess of five hours during the **Relevant Time Period**.

13     **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift
    of at least three and one-half (3.5) hours during the **Relevant Time Period**.
14

15     **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members
    employed by Defendants in California during the period beginning one year before
16  the filing of this action and ending when final judgment is entered.

17     **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who
    separated from their employment with Defendants during the period beginning three
18  years before the filing of this action and ending when final judgment is entered.

19     **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California
    during the **Relevant Time Period**.

20     **Expense Reimbursement Class**:  All persons employed by Defendants in California who
    incurred business expenses during the **Relevant Time Period**.
21

22     12.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

23  right to amend or modify the class definitions with greater specificity, by further division into sub-

24  classes and/or by limitation to particular issues.

25     13.     **Numerosity**:  The class members are so numerous that the individual joinder of each

26  individual class member is impractical.  While Plaintiff does not currently know the exact number

27  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

28  exceeds the minimum required for numerosity under California law.

14.    **Commonality and Predominance**:  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

  A. Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

  B. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

  C. Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

  D. Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

  E. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

  F. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

  G. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

  H. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

  I. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.    **Typicality**:  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.    **Adequacy of Class Representative**: Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel**: Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority**: A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

19.    Plaintiff worked for Defendants as a commission-base employee from approximately June 2017 through on or about January 2019.

20.    Plaintiff and the putative class were misclassified as independent contractors while employed by Defendants.

### Missed Meal Periods

21.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it

unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

22.      As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked because Defendants' management team constantly accompanied Plaintiff and the putative class on their lunches. During this time, Defendants' management team engaged in conversation with Plaintiff and the putative class which entailed how they could improve on their selling skills so Plaintiff and the putative class can be more successful in their jobs.

23.      Additionally, because Plaintiff and the putative class were accompanied by Defendants' management team on their meal periods, Plaintiff and the putative class were continuously under Defendants' control. Defendants' management team picked them up from their selling site to take them to lunch, remained with them and escorted them back to the selling site to complete their work. This demonstrates that Defendants never relinquished control over Plaintiff and the putative class during their meal periods.

**Missed Rest Periods**

24.      Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

25.      As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked because they were encouraged to continue selling so they could make as much money as they could. Defendants' pay policy provided that Plaintiff and the putative class were solely commission-based, so the more they sold, the more money they could earn. This policy resulted in

Plaintiff and the putative class missing their rest breaks so they could continue working.

///

## Expense Reimbursement

1.     Plaintiff and the putative class members were required to utilize their own personal cell phones to perform their job duties. More specifically, Defendants' required that Plaintiff and the putative class access an App at the end of their workday to input the sales that they made that day.

2.     Plaintiff and the putative class members were not reimbursed for business expenses incurred in utilizing their personal cell phones.

3.     Additionally, Plaintiff and the putative class were required to wear uniforms that consisted of a monogramed shirt with Defendants' logo. Plaintiff and the putative class were required to maintain their shirts because Defendants' dress code required Plaintiff and the putative class to wear this shirt while selling.

4.     Defendants failed to reimburse Plaintiff and the putative class for such expenses incurred by them to maintain their uniform.

## Wage Statements

1.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

2.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

3.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

4.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

5.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

6.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

7.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

8.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

9.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

10.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

11.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

12.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be

waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

13.   At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

14.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

15.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

16.   Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

17.   At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

18.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members not provided with a compliant meal period and not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon, and costs of suit.

19.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

2  the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

3 **SECOND CAUSE OF ACTION**

4 **FAILURE TO PROVIDE REST PERIODS**

5 **(Lab. Code §§ 204, 223, 226.7 and 1198)**

6 **(Plaintiff and Rest Period Sub-Class)**

7     20.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9     21.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

10 non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

11 Code and the applicable Wage Order.

12     22.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

13 employers to permit and authorize employees to take required rest periods at a rate of no less than

14 ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

15 in the middle of each work period insofar as practicable.

16     23.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

17 employers from requiring employees to work during required rest periods and require employers to

18 pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

19 each workday that the employee is not provided with the required rest period(s).

20     24.    Compensation for missed rest periods constitutes wages within the meaning of Labor

21 Code section 200.

22     25.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

23 violate the Wage Order.

24     26.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

25 Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

26 with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

27 as required by the applicable Wage Order.

28     27.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

10
CLASS ACTION COMPLAINT

**Class** members additional premium wages when required rest periods were not provided.

28.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

29.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members who were not provided with a compliant rest period and were not paid a premium wage, and; therefore, seek to recover unpaid premium wages, interest thereon, and costs of suit.

30.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

31.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

32.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

33.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

34.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

35.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage

1    Order.

2        36.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

3    damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

4    addition to the underlying unpaid minimum wages and interest thereon.

5        37.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

6    than the minimum wage required under the applicable Wage Order for all hours worked during a

7    payroll period.

8        38.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

9    person acting either individually or as an officer, agent or employee of another person, to pay an

10   employee, or cause an employee to be paid, less than the applicable minimum wage.

11       39.    Labor Code section 1198 makes it unlawful for employers to employ employees

12   under conditions that violate the applicable Wage Order.

13       40.    Labor Code section 204 requires employers to pay non-exempt employees their

14   earned wages for the normal work period at least twice during each calendar month on days the

15   employer designates in advance and to pay non-exempt employees their earned wages for labor

16   performed in excess of the normal work period by no later than the next regular payday.

17       41.    Labor Code section 223 makes it unlawful for employers to pay their employees

18   lower wages than required by contract or statute while purporting to pay them legal wages.

19       42.    Labor Code section 510 and Section 3 of the applicable Wage Order require

20   employees to pay non-exempt employees overtime wages of no less than one and one-half times

21   their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

22   hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

23   the seventh consecutive day of one workweek.

24       43.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

25   employers to pay non-exempt employees overtime wages of no less than two times their respective

26   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

27   worked in excess of eight hours on a seventh consecutive workday during the workweek.

28       44.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

CLASS ACTION COMPLAINT

1  centrally devised policies and practices to her and **Hourly Employee Class** members with respect
2  to working conditions and compensation arrangements.

3     45.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**
4  **Employee Class** members for all time worked, including but not limited to, overtime hours at
5  statutory and/or agreed rates.

6     46.    Section 9 of the applicable Wage Order states:

7        "When uniforms are required by the employer to be worn by the employee as a
8        condition of employment, such uniforms shall be provided and maintained by the
         employer. The term 'uniform' includes wearing apparel and accessories of
9        distinctive design or color."

10    47.    If the employer does not choose to maintain employees' uniforms itself where it is
11  required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that
12  the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at
13  the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic
14  estimate of the time involved in maintaining the uniform.

15    48.    At all relevant times during the applicable limitations period, and in violation of the
16  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to
17  compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of
18  its failure to maintain employee uniforms and/or pay her a weekly maintenance allowance.

19    49.    Plaintiff is informed and believes that, at all relevant times, and in violation of the
20  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to
21  compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours
22  they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly
23  maintenance allowance.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiff and Expense Reimbursement Class)**

28    50.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1 herein.

2      51.     Labor Code section 2802(a) states:

3           "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her
4           duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them
5           to be unlawful."

6      52.     At all relevant times during the applicable limitations period, Plaintiff and the

7 **Expense Reimbursement Class** members incurred necessary business related expenses and costs,

8 including but not limited to, the use of their personal cell phones for work-related purposes and the

9 maintenance of their own uniforms.

10      53.     Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

11 by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class**

12 members for all necessary expenses incurred in the discharge of their duties.

13      54.     Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

14 by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

15 necessary business expenses incurred in the discharge of their duties.

16      55.     Pursuant to Labor Code section 452, an employer is authorized to prescribe the

17 weight, color, quality, texture, style, form and make of uniforms required to be worn by their

18 employees.

19      56.     Section 9 of the applicable Wage Order states:

20           "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the
21           employer. The term 'uniform' includes wearing apparel and accessories of
22           distinctive design or color."

23      57.     At all relevant times during the applicable limitations period, Defendants required

24 Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

25 by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**

26 **Reimbursement Class** members for all such expenditures.

27      58.     At all relevant times during the applicable limitations period, Defendants required

28 Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and

apparel unique to Defendants at their expense. Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

59.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

60.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

61.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

62.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

63.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible

form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

64.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

65.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

66.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

67.     Plaintiff and **Wage Statement Penalties Sub-Class** members who were not provide compliant accurate written wage statements have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

68.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

**Statement Penalties Sub-Class** members who are not provided a compliant accurate written wage statement, and; therefore, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

69.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

71.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

72.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

73.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

74.     During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

75.     Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay certain **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

76.     Plaintiff is informed and believes that, at all relevant times during the applicable

1    limitations period, Defendants have maintained a policy or practice of paying certain **Waiting Time**

2    **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

3    sections 201 or 202 by failing to timely pay them all final wages.

4        77.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

5    timely pay all final wages to her and certain **Waiting Time Penalties Sub-Class** members have

6    been willful in that Defendants have the ability to pay final wages in accordance with Labor Code

7    sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

8    with those requirements.

9        78.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

10   those **Waiting Time Penalties Sub-Class** members who were not paid their final wages after

11   separation, seek waiting time penalties from the dates that their final wages have first become due

12   until paid, up to a maximum of thirty days, and interest thereon.

13       79.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

14   and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

15   **Class** members, seek awards of reasonable attorneys' fees and costs.

16   

**SEVENTH CAUSE OF ACTION**

17   **UNFAIR COMPETITION**

18   **(Bus. & Prof. Code §§ 17200 *et seq.*)**

19   **(Plaintiff and UCL Class)**

20       80.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21   herein.

22       81.    Business and Professions Code section 17200 defines "unfair competition" to

23   include any unlawful business practice.

24       82.    Business and Professions Code section 17203-17204 allow a person who has lost

25   money or property as a result of unfair competition to bring a class action in accordance with Code

26   of Civil Procedure section 382 to recover money or property that may have been acquired from

27   similarly situated persons by means of unfair competition.

28       83.    California law requires employers to pay hourly, non-exempt employees for all hours

18

CLASS ACTION COMPLAINT

1    they are permitted or suffered to work, including hours that the employer knows or reasonable

2    should know that employees have worked.

3        84.     Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

4    SECOND, THIRD, FOURTH and FIFTH causes of action herein.

5        85.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

6        86.     Defendants have or may have acquired money by means of unfair competition.

7        87.     Plaintiff is informed and believes and thereupon alleges that by committing the

8    Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

9    216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

10    Labor Code violations alleged herein.

11        88.     Defendants have committed criminal conduct through their policies and practices of,

12    *inter alia*, failing to comport with their affirmative obligations as an employer to classify Plaintiff

13    and the putative class correctly, failing to provide Plaintiff and the putative class with uninterrupted

14    30-minute meal periods, failing to provides Plaintiff and the putative class with uninterrupted rest

15    periods, failing to reimburse Plaintiff and the putative class with their business related expenditures

16    and all other allegations contained herein.

17        89.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

18    employees and entitled to the full protections of both the Labor Code and the applicable Wage

19    Order.

20        90.     Defendants' unlawful conduct as alleged in this Complaint amounts to and

21    constitutes unfair competition within the meaning of Business and Professions Code section 17200

22    *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

23    and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

24    an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

25    behalf of similarly situated persons in a class action proceeding.

26        91.     As a result of Defendants' violations of the Labor Code during the applicable

27    limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

28    of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

1   conduct.

2        92.    Plaintiff is informed and believes that other similarly situated persons have been

3   subject to the same unlawful policies or practices of Defendants.

4        93.    Due to the unfair and unlawful business practices in violation of the Labor Code,

5   Defendants have gained a competitive advantage over other comparable companies doing business

6   in the State of California that comply with their legal obligations.

7        94.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

8   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

9   violates or is considered unlawful under any other state or federal law.

10       95.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

11  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

12  Defendants, and each of them, and their agents and employees, from further violations of the Labor

13  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

14  an order permanently enjoining Defendants, and each of them, and their respective agents and

15  employees, from further violations of the Labor Code and applicable Industrial Welfare

16  Commission Wage Orders.

17       96.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

18  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

19  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

20  and unfair business practices.

21       97.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

22  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

23  reasonable attorneys' fees in connection with their unfair competition claims.

## PRAYER FOR RELIEF

25       WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

26  public, prays for relief and judgment against Defendants as follows:

27           (1)    An order that the action be certified as a class action;

28           (2)    An order that Plaintiff be appointed class representative;

1      (3)     An order that counsel for Plaintiff be appointed class counsel;

2      (4)     Unpaid wages;

3      (5)     Actual damages;

4      (6)     Liquidated damages;

5      (7)     Restitution;

6      (8)     Declaratory relief;

7      (9)     Pre-judgment interest;

8      (10)     Statutory penalties;

9      (11)     Costs of suit;

10      (12)     Reasonable attorneys' fees; and

11      (13)     Such other relief as the Court deems just and proper.

12                    **DEMAND FOR JURY TRIAL**

13      Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

14 issues so triable.

15

16 Dated: August 19, 2019                SETAREH LAW GROUP

17

18

19

20                         SHAUN SETAREH

                         WILLIAM M. PAO

21                          ALEXANDRA R. MCINTOSH

                         Attorneys for Plaintiff

22                          DILLON L. ARAQUE

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT B

1 | DOUGLAS A. WICKHAM, Bar No. 127268
LITTLER MENDELSON, P.C.
2 | 633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
3 | Telephone:   213.443.4300
Fax No.:   213.443.4299
4

5 | ANNE SWEENEY JORDAN, Bar No. 273589
LITTLER MENDELSON, P.C.
50 W. San Fernando St., 7th Floor
6 | San Jose, CA 95118
Telephone:   408.998.4150
7 | Fax No.:   408.288.5686

8 | Attorneys for Defendant
TERMINIX INTERNATIONAL, INC.
9

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 3 2019

Clerk of the Superior Court
By _____
Jennifer Tanneus
DEPUTY CLERK

10 |                    SUPERIOR COURT OF CALIFORNIA

11 |                         COUNTY OF SAN MATEO

12 | DILLON L. ARAQUE, on behalf of          Case No.  19-CIV-04886
himself, all other similarly situated,
13 |                                         **DEFENDANT TERMINIX**
                  Plaintiff,               **INTERNATIONAL, INC.'S ANSWER TO**
14 |                                         **PLAINTIFF'S UNVERIFIED CLASS**
        v.                                 **ACTION COMPLAINT**
15 |
VANTAGE MARKETING GROUP, LLC,              ASSIGNED FOR ALL PURPOSES TO JUDGE
16 | a Utah limited liability company;
TERMINIX INTERNATIONAL, INC., a            Trial Date:  None
17 | Tennessee corporation; and DOES 1       Complaint Filed:  August 22, 2019
through 50, inclusive, ,
18 |
                  Defendant.
19

20

21

22

23

24

25

26

27

28

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS
ACTION COMPLAINT

Defendant Terminix International, Inc. ("Terminix" or "Defendant"), by and through its attorneys, on behalf of itself and no other Defendant, hereby Answers the unverified Complaint ("Complaint") filed by Plaintiff Dillon L. Araque ("Plaintiff"), individually, and purportedly on behalf of all others similarly situated, as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation in the Complaint. In addition, Defendant denies that Plaintiff and the putative class have sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendant.

## DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

## FIRST DEFENSE
### (Failure to State a Claim)

1.    Defendant is informed and believes and hereby alleges that the Complaint and each cause of action set forth therein, or some of them, fail to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE
### (Unclean Hands)

2.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of unclean hands.

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

1

2

**THIRD DEFENSE**

**(Waiver and Release)**

3.      Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of waiver and/or release.

**FOURTH DEFENSE**

**(Estoppel)**

4.      Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH DEFENSE**

**(Laches)**

5.      Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of laches.

**SIXTH DEFENSE**

**(Consent)**

6.      Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of consent.

**SEVENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

7.      Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, insofar as Plaintiff and/or the putative class failed to timely and adequately exhaust available administrative remedies under the California Labor Code.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

**EIGHTH DEFENSE**

**(Lack of Standing)**

8.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, are barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

**NINTH DEFENSE**

**(Cannot Satisfy Class Action Requirements)**

9.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, that the Complaint, and each cause of action set forth therein, or some of them, are barred because Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, adequacy of representation (of both the proposed class representative and proposed class counsel), and superiority, and further allege that public policy considerations do not favor such a certification.

**TENTH DEFENSE**

**(Satisfaction of Claims)**

10.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any monies owed to Plaintiff and/or the putative class he seeks to represent has been paid in full and any obligations Defendant may have owed to Plaintiff and/or the putative class he seeks to represent has been paid or otherwise satisfied.

**ELEVENTH DEFENSE**

**(Labor Code Section 226 – No Injury)**

11.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, are barred because Plaintiff and/or the putative class he seeks to represent has not suffered any injury from any alleged failure by Defendant to comply with California Labor Code Section 226.

4.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

## TWELFTH DEFENSE

### (Labor Code Section 226 – Not a "Knowing and Intentional Failure")

12.     Defendant alleges that, even assuming *arguendo*, that Plaintiff and/or the putative class he seeks to represent was not provided with proper itemized statements of wages and deductions, which Defendant denies, Plaintiff and the putative class he seeks to represent are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226 was not a "knowing and intentional failure" under California Labor Code Section 226(a).

## THIRTEENTH DEFENSE

### (Statute of Limitations)

13.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 337, 338(a), 340(a) and 343, California Labor Code Sections 203(b) and 226, and California Business and Professions Code Section 17208.

## FOURTEENTH DEFENSE

### (Failure to Take Meal Periods and Rest Breaks Provided or Allowed Under the Law)

14.     Defendant alleges that assuming *arguendo* that Plaintiff and/or the putative class he seeks to represent did not take required meal periods and/or rest breaks, Plaintiff and/or the putative class he seeks to represent is not entitled to a premium payment under California Labor Code Section 226.7 and the applicable Wage Order of the Industrial Welfare Commission because he (1) voluntarily failed to take meal periods and/or rest breaks that were provided or allowed in compliance with California law, (2) voluntarily waived and/or relinquished his right to meal periods and/or rest breaks as provided or allowed under California Labor Code Section 512(a) and/or the applicable Wage Order of the Industrial Welfare Commission, and/or (3) Defendant did not engage in any act or omission to prevent or prohibit Plaintiff and the putative class from taking meal periods and rest breaks that were provided or allowed in accordance with applicable law and Company policy.

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**FIFTEENTH DEFENSE**

**(Bona Fide Dispute)**

15.     Defendant alleges that the Complaint and each cause of action therein, or some of them, fails to state a claim for penalties under the California Labor Code in that there was a bona fide, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions.

**SIXTEENTH DEFENSE**

**(Good Faith)**

16.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and on that basis alleges, that any violation of the Labor Code or a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that its wage payment practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or the applicable Wage Order of the Industrial Welfare Commission so that Plaintiff and/or the putative class he seeks to represent is not entitled to any damages in excess of any wages/overtime which might be found to be due.

**SEVENTEENTH DEFENSE**

**(Purported Violations *De Minimis*)**

17.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, are barred in whole or in part because even assuming, arguendo, that Plaintiffs and/or the putative class members may be able to prove the existence of alleged violations of the California Labor Code and/or the applicable Wage Order of the Industrial Welfare Commission, such alleged violations, if any, are *de minimis*, and therefore Plaintiff and the putative class are not entitled to any additional compensation.

**EIGHTEENTH DEFENSE**

**(Avoidable Consequences)**

18.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, is barred in whole or in part because Plaintiff and the putative class' claims for

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

damages and/or penalties, if any, are barred and/or limited by the doctrine of avoidable consequences. *See Department of Health Services v. Superior Court,* 31 Cal. 4th 1026 (2003).

## NINETEENTH DEFENSE

### (Entitlement to Credit or Setoff)

19.    Defendant alleges that, assuming Plaintiff and/or the putative class he seeks to represent are entitled to any unpaid wages, Defendant is entitled to a credit or setoff.  This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiff and/or the putative class he seeks to represent.  The claims of Plaintiff and/or the putative class he seeks to represent are barred because Plaintiff and/or the putative class he seeks to represent would be unjustly enriched if he prevailed on any of said claims.

## TWENTIETH DEFENSE

### (Breach of Duty)

20.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred by Plaintiff's own breach of duties owed to Defendant under California Labor Code Sections 2853, 2854, 2857, 2858 and/or 2859.

## TWENTY-FIRST DEFENSE

### (Excessive Fines)

21.    Defendant alleges that, as applies to this putative class action, employment of civil penalties would result in the imposition of excessive fines in violation of Article I, Section 17 of the California Constitution and the eighth amendment of the United States Constitution.  *See People ex. rel Lockyer v. R.J. Reynolds Tabacco Company*, 37 Cal. 4th 707 (2005).

## TWENTY-SECOND DEFENSE

### (Unconstitutionality of Multiple Penalties)

22.    Defendant alleges that multiple individual penalties would deprive Defendant of its fundamental constitutional rights to due process.

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  60071
213.443.4300

**TWENTY-THIRD DEFENSE**

**(Violation of Due Process)**

23.     Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**TWENTY-FOURTH DEFENSE**

**(Claims Unconstitutionally Vague And Ambiguous)**

24.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred because the applicable Wage Orders of the Industrial Welfare Commission and California Business and Professions Code Section 17200, *et seq,*, are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**TWENTY-FIFTH DEFENSE**

**(Penalties Violate Substantive And Procedural Due Process)**

25.     Defendant alleges that, as applies to this putative class action, employment of civil penalties would violate Defendant's procedural and substantive and procedural due process rights (vis-à-vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses in Article 1 of the California Constitution).  *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

**TWENTY-SIXTH DEFENSE**

**(Unfair Business Practices Claim Violates Due Process)**

26.     Defendant alleges that prosecution of this action under Business and Professions Code § 17200 et seq., as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, § 7 of the California Constitutions.    That violation is both procedural, by imposing a procedure that would

8.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  render it impossible for Defendant to defend its interests and property; and substantive, by imposing

2  remedies constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J.*

3  *Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

4  ### TWENTY-SEVENTH DEFENSE

5  ### (Bus. & Prof. Code Section 17200 – Compliance With Obligations)

6  27.    Defendant alleges that Plaintiff's claims are barred in whole or in part because of

7  Defendant's compliance with all applicable laws, statutes and regulations, said compliance affording

8  Defendant a safe harbor to any claim under Business and Professions Code Section 17200, *et seq.*

9  ### TWENTY-EIGHTH DEFENSE

10  ### (Bus. & Prof. Code Section 17200 – No Penalties)

11  28.    Defendant alleges that Plaintiff and/or the putative class he seeks to represent cannot

12  recover penalties, such as those under California Labor Code Sections 203 and 226, pursuant to

13  California Business and Professions Code Section 17200, *et seq.*

14  ### TWENTY-NINTH DEFENSE

15  ### (No Knowledge of Work)

16  29.    Defendant is informed and believes that a reasonable opportunity for investigation and

17  discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein,

18  or some of them, is barred in whole or in part because if Plaintiff or any putative class member

19  "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to

20  know, of such "work" and such overtime "work" was undertaken without the direction, consent or

21  permission of Defendant.

22  ### THIRTIETH DEFENSE

23  ### (Not Plaintiff's Employer)

24  30.    Defendant is informed and believes that a reasonable opportunity for investigation and

25  discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein,

26  or some of them, is barred in whole or in part because Defendant is not and was not the "employer"

27  or "joint employer" of Plaintiff or any putative class member and thus is not liable for any of Plaintiff's

28  claims in this case.

9.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443.4300

## THIRTY-FIRST DEFENSE

### (No Injury)

31.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred because Plaintiff lacks standing to sue under California Business and Professions Code Section 17200 and 17204 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

## THIRTY-SECOND DEFENSE

### (Plaintiffs' Claims Moot)

32.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, is barred in whole or in part because Plaintiff's claim for alleged violations of California Business and Professions Code Section 17200, *et seq.*, is barred because, to the extent that Plaintiff's Complaint seeks to enjoin Defendant from engaging in "unfair" or otherwise "unlawful" business practices, if any, such claims are moot because, assuming *arguendo* that Defendant engaged in such business practices, Defendant has since discontinued, modified and/or corrected its policies and practices and no longer engages in the alleged conduct.

## THIRTY-THIRD DEFENSE

### (Failure To State A Claim For Attorneys' Fees And Costs)

33.     Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action for which attorneys' fees and costs may be awarded.

## THIRTY-FOURTH DEFENSE

### (Prejudgment Interest)

34.     Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.

### THIRTY-FIFTH DEFENSE

### (Unjust Enrichment)

35.     Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, is barred because Plaintiff and the putative class he seeks to represent did not incur any damages or losses, and any award of such alleged damages and/or losses would unjustly enrich them.

### THIRTY-SIXTH DEFENSE

### (Offset)

36.     Defendant alleges that if Plaintiff and/or members of the putative class succeed in establishing any violation of the law, and to the extent any sums are found due and owing to Plaintiff and/or members of the putative class, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or the putative class members over and above their respective wages.

### THIRTY-SEVENTH DEFENSE

### (Not Employer)

37.     Defendant alleges that Plaintiff's claims fail because Plaintiff and/or the putative class members were not employed by Terminix International, Inc.

### THIRTY-EIGHTH DEFENSE

### (No Liability)

38.     Defendant alleges that liability for Plaintiff's and putative class members' claims resides with Vantage Marketing Group, LLC, and Terminix International, Inc. is not liable for any alleged employment claims.

### RESERVATION OF RIGHT TO AMEND TO ADD ADDITIONAL DEFENSES

39.     Defendant does not presently know all of the facts respecting the conduct of Plaintiff and the putative class sufficient to allow it to state all defenses at this time.  Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional defenses available of which it is not fully aware at the present time.  Defendant reserves the right to

11.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
212.443.4300

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1    amend this Answer to assert said additional defenses should it later discover facts demonstrating the

2    existence and applicability of same.                                                      .

3                                     **PRAYER FOR RELIEF**

4             WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

5             1.      That Plaintiff takes nothing by the Complaint;

6             2.      That the Complaint be dismissed in its entirety, with prejudice, and that

7    Judgment be entered against Plaintiff and in favor of Defendant on Plaintiff's causes of action;

8             3.      That Defendant is granted its reasonable costs and attorneys' fees in defending

9    this action; and

10            4.      For such other and further relief as the Court deems just and proper.

11   Dated:       October 23, 2019

12

13                                                    _____

14                                                    DOUGLAS A. WICKHAM
                                                      ANNE SWEENEY JORDAN
15                                                    LITTLER MENDELSON, P.C.
                                                      Attorneys for Defendant
16                                                    TERMINIX INTERNATIONAL, INC.

17   4829-6942-5834.2 081934.1065

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

12.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS
ACTION COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|

NAME: Douglas A. Wickham, SBN 127268 // Anne Sweeney Jordan, SBN 273589
FIRM NAME: Littler Mendelson
STREET ADDRESS: 633 W. 5th St., 63rd Fl. // 50 W. San Fernando St., 7th Fl.
CITY: Los Angeles, CA 90071 // San Jose,
CA 95113                                    STATE.          ZIP CODE:
TELEPHONE NO.: 213.443.4300                  FAX NO.: 213.443.4299
E-MAIL ADDRESS: dwickham@littler.com; ajordan@littler.com
ATTORNEY FOR (name): Defendant Terminix International, Inc.

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 3 2019

Clerk of the Superior Court
By Jennifer Tannous
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

Plaintiff/Petitioner: DILLON L. ARAQUE
Defendant/Respondent: VANTAGE MARKETING GROUP, LLC, et al.

CASE NUMBER:
19-CIV-04886

JUDICIAL OFFICER:
Hon. Marie S. Weiner

### PROOF OF SERVICE—CIVIL
**Check method of service** *(only one):*
☐ By Personal Service     ☒ By Mail     ☐ By Overnight Delivery
☐ By Messenger Service    ☐ By Fax

DEPARTMENT:
2

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**
2. My residence or business address is:
   50 W. San Ferndando St., 7th Fl., San Jose, CA 95113
3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*
4. On *(date):* October 23, 2019     I served the following **documents** *(specify):* Defendant's Terminix International, Inc.'s Answer to Plaintiff's Unverified Class Action Complaint

   ☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Shaun Setareh, William M. Pao, Alexandra R. McIntosh
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Setareh Law Group, 315 S. Beverly Drive, Ste. 315, Beverly Hills, CA 90212
   c. ☐ *(Complete if service was by fax.)*
      Fax number where person was served:

      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

Page 1 of 3
Form Approved for Optional Use                PROOF OF SERVICE—CIVIL               Code of Civil Procedure, §§ 1011, 1013, 1013a,
Judicial Council of California                       (Proof of Service)                      2015.5; Cal. Rules of Court, rule 2.306
POS-040 [Rev. March 15, 2019]                                                              www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>Dillon L. Araque v. Vantage Marketing Group, LLC, et al. | CASE NUMBER:<br>19CIV04886 |
|---|---|

6.  b. ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Jose, CA

   c. ☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 23, 2019

Valynn R. Castro
     (TYPE OR PRINT NAME OF DECLARANT)                 (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

    At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

    I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

          (NAME OF DECLARANT)                  (SIGNATURE OF DECLARANT)


American LegalNet, Inc.<br>www.FormsWorkFlow.com

# EXHIBIT C

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    10/24/2019
By    /s/ Marcela Enriquez
       Deputy Clerk

1 | Neda N. Dal Cielo (State Bar No. 161982)
2 | JACKSON LEWIS P.C.
   | 177 Park Avenue, Suite 200
3 | San Jose, CA 95113
   | Telephone: (669) 256 5342
4 | Email: Neda.DalCielo@jacksonlewis.com

5 | Shannon B. Nakabayashi (State Bar No. 215469)
   | Amy P. Frenzen (State Bar No. 245368)
6 | JACKSON LEWIS P.C.
   | 50 California Street, 9th Floor
7 | San Francisco, California 94111-4615
   | Telephone: (415) 394-9400
8 | Facsimile: (415) 394-9401
   | E-mail: Shannon.Nakabayashi@jacksonlewis.com
9 | E-mail: Amy.Frenzen@jacksonlewis.com

10 | Attorneys for Defendant
    | VANTAGE MARKETING GROUP, LLC
11 |

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | COUNTY OF SAN MATEO

14 |

15 | DILLON L. ARAQUE, on behalf of himself, all others similarly situated,

16 | Plaintiff,

17 | v.

18 | VANTAGE MARKETING GROUP, LLC, a Utah limited liability company; TERMINIX INTERNATIONAL, INC., a Tennessee corporation; and DOES 1 through 50, inclusive,

21 | Defendants.

Case No. 19-CIV-04886

ASSIGNED FOR ALL PURPOSES TO:
JUDGE Marie S. Weiner
DEPARTMENT 2

**DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint Filed:    08/22/2019
Trial Date:         not set

24 | Defendant VANTAGE MARKETING GROUP, LLC ("Defendant") by and through its

25 | undersigned counsel, submits the following answer and defenses to the allegations made against it

26 | in the unverified complaint ("Complaint") filed by Plaintiff DILLON L. ARAQUE ("Plaintiff")

27 | as follows:

28 |

1

1

2                              **GENERAL DENIAL**

3        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally

4   denies each and every allegation of the unverified Complaint and further specifically denies that

5   Plaintiff and putative class members—the existence of which is expressly denied—have suffered

6   any injury or damages of any kind attributable in any way to an act or omission of Defendant.

7   Defendant further denies that Plaintiff and putative class members are entitled to damages,

8   penalties, or any other relief.

9                           **AFFIRMATIVE DEFENSES**

10       By way of affirmative defenses to the allegations of the Complaint herein, Defendant

11  alleges as follows:

12                         **FIRST AFFIRMATIVE DEFENSE**

13                       **(Failure to State a Cause of Action)**

14       1.       Plaintiff's Complaint as a whole, and each purported cause of action alleged

15  therein, fails to state facts sufficient to constitute a cause of action.

16                        **SECOND AFFIRMATIVE DEFENSE**

17                          **(Statute of Limitations)**

18       2.       Plaintiff's claims, and the claims of putative members of the purported class are

19  barred in whole or in part by the applicable statute of limitations, including but not limited to Cal.

20  Civ. Proc. Code §§ 338, 340, Cal. Lab. Code §§ 203(b), and Cal. Bus. & Prof. Code § 17208.

21                         **THIRD AFFIRMATIVE DEFENSE**

22                          **(Mandatory Arbitration)**

23       3.       To the extent Plaintiff and putative members of the purported class are covered by

24  an arbitration agreement, they must seek recovery on the Complaint through the exclusive forum

25  of mandatory arbitration.

26                        **FOURTH AFFIRMATIVE DEFENSE**

27                        **(No Employer Relationship)**

28       4.       Plaintiff's Complaint as a whole, and each purported cause of action alleged therein,

                                           2
DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT                                      Case No.  19-CIV-04886

1   fails to state facts sufficient to constitute a cause of action against Defendant upon which relief

2   may be granted because Defendant was not a single, joint or co-employer of Plaintiff and/or the

3   putative class member(s) he purports to represent and Defendant is not jointly and/or severally

4   liable for the alleged acts of other defendants and/or third parties.

5                                    **FIFTH AFFIRMATIVE DEFENSE**

6                                        **(Independent Contractor)**

7           5.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein,

8   fails to state facts sufficient to constitute a cause of action against Defendant upon which relief

9   may be granted because Plaintiff and/or the putative class members were properly classified as

10  Independent Contractors.

11                                   **SIXTH AFFIRMATIVE DEFENSE**

12                              **(Forum Non Conveniens/Improper Venue)**

13          6.      As a separate and affirmative defense, venue is neither convenient nor appropriate

14  as neither Plaintiff nor Defendants reside in San Mateo County and none of the actions alleged in

15  the Complaint took place in the County of San Mateo.  It serves neither the interests of justice nor

16  judicial economy for the action to proceed in this forum.

17                                 **SEVENTH AFFIRMATIVE DEFENSE**

18                         **(Voluntary Waiver of Meal and Rest Periods)**

19          7.      Plaintiff's claims regarding meal periods and rest breaks are barred, in whole or in

20  part, to the extent Defendant provided required meal and rest breaks in compliance with California

21  law, and Plaintiff and putative class members voluntarily waived their right to take the meal or rest

22  breaks as provided.

23                                  **EIGHTH AFFIRMATIVE DEFENSE**

24                          **(No Willful Conduct / Good Faith Dispute)**

25          8.      To the extent Plaintiff or putative class members seek statutory penalties for any

26  alleged willful failure to comply the requirements of the California Labor Code, including Cal.

27  Lab. Code § 203, such penalties are barred because Defendant did not willfully violate any

28

                                                    3

1  provision of the California Labor Code, and good faith disputes exist concerning any alleged

2  violation.

3  **NINTH AFFIRMATIVE DEFENSE**

4  **(Equitable Doctrines)**

5       9.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

6  therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

7  **TENTH AFFIRMATIVE DEFENSE**

8  **(Offset)**

9       10.     Plaintiff and putative class members are barred from recovering any damages for

10 lost wages. Any recovery for lost wages must be offset or reduced to the extent Defendant already

11 compensated them in full or in excess of what was required by law.  Alternatively, Defendant is

12 entitled to a set-off for amounts Plaintiff and putative class members owe Defendant for receipt of

13 wages or other benefits to which they were not entitled.

14 **ELEVENTH AFFIRMATIVE DEFENSE**

15 **(Irreparable Harm)**

16      11.     Plaintiff's claim for declaratory or other equitable relief, and the claims of the

17 putative class members, are barred because Plaintiff and members of the putative class have not

18 suffered, and will not suffer, irreparable harm because of any alleged conduct by Defendant.

19 **TWELFTH AFFIRMATIVE DEFENSE**

20 **(Avoidable Consequences)**

21      12.     Defendant has procedures in place for reporting work-related issues. The claims of

22 Plaintiff and putative class members are barred to the extent they failed to utilize Defendant's

23 preventive and corrective measures.

24 **THIRTEENTH AFFIRMATIVE DEFENSE**

25 **(Adequate Remedy At Law)**

26      13.     Plaintiff and putative class members are not entitled to equitable relief, including

27 any relief requested pursuant to California Business & Professions Code § 17200 *et seq.* because

28 of the existence of an adequate remedy at law.

4

DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT                                                          Case No.  19-CIV-04886

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3      14.      Plaintiff's Complaint, and each claim therein, is barred to the extent Plaintiff lacks

4   standing to bring the action on behalf of herself and unnamed putative class members.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6

**(Comparative Fault and/or Negligence)**

7      15.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

8   therein, is barred because the damages alleged by Plaintiff were either wholly or in part caused by

9   persons, firms, or entities other than Defendant, and such fact eliminated or comparatively reduced

10  the liability, if any, of Defendant.

11

**SIXTEENTH AFFIRMATIVE DEFENSE**

12

**(Unconstitutional Penalties)**

13      16.      Plaintiff and putative class members are barred from recovering the damages and

14  penalties sought in the Complaint because they are excessive and violate the Fifth Amendment,

15  Eighth Amendment, and Fourteenth Amendment to the United States Constitution.

16

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17

**(Prohibition on Double Penalties and Violation of Due Process)**

18      17.      To the extent provisions of the California Labor Code impose double penalties and

19  violate the due process rights of Defendant, those claims are barred pursuant to the United States

20  Constitution and the California Constitution.

21

**EIGTEENTH AFFIRMATIVE DEFENSE**

22

**(Failure to Exhaust)**

23      18.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust

24  appropriate administrative and/or internal remedies.

25

**NINETEENTH AFFIRMATIVE DEFENSE**

26

**(Wage Statements- No Knowing and Intentional Failure)**

27      19.      Assuming *arguendo* that Defendant did not provide Plaintiff or putative class

28  members with a proper itemized statement of wages and deductions—which Defendant expressly

1  denies—recovery of damages is not permissible because Defendant's alleged failure to comply

2  with California Labor Code § 226(a) was not a "knowing and intentional failure" under California

3  Labor Code § 226(e).

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Wage Statements - No Injury)

6       20.    Assuming *arguendo* that Defendant did not provide Plaintiff or putative class

7  members with a proper itemized statement of wages and deductions—which Defendant expressly

8  denies—they are not entitled to recover damages because they suffered no injury based on

9  Defendant's alleged failure to provide itemized wage statements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Jury Trial for Unfair Competition Claim)

12       21.    To the extent Plaintiff and putative class members seek equitable relief under

13  California Business and Professions Code § 17200, *et seq.*, they are not entitled to a jury trial, and

14  instead must adjudicate their claims by way of a bench trial. *See Hodge v. Sup. Ct.* (2006) 145

15  Cal. App. 4th 278.

### RESERVATION OF RIGHTS

17  Defendant has not completed its investigation of the facts of this case, has not completed

18  discovery in this matter, and has not completed its preparation for trial. The defenses asserted

19  herein are based on Defendant's knowledge, information, and belief at this time, and Defendant

20  specifically reserves the right to modify, amend, or supplement any defense contained herein at

21  any time.

### DEFENDANT'S REQUEST FOR RELIEF

23  Wherefore, Defendant prays for judgment that:

24      1.    That Plaintiff takes nothing by way of the Complaint;

25      2.    That the Complaint be dismissed with prejudice and judgment entered in favor of

26               Defendant and against Plaintiff on all claims;

27      3.    That Defendant be awarded its costs of suit incurred herein;

28

DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT                    Case No.  19-CIV-04886

4.   That Defendant be awarded attorney's fees pursuant to statute and/or contract, and;

5.   That the Court award Defendant such other and further relief as it deems just and proper.

Dated:  October 24, 2019

JACKSON LEWIS P.C.

By: _____
     Neda N. Dal Cielo
     Shannon B. Nakabayashi
     Amy P. Frenzen
     Attorneys for Defendant
     VANTAGE MARKETING GROUP, LLC

DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT                                    Case No.  19-CIV-04886

**PROOF OF SERVICE [CCP § 2.253(a)  and CRC Rule 2.253]**

I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On October 24, 2019, I caused to be e-served the attached **DEFENDANT VANTAGE MARKETING GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** in this action by uploading a true and correct copy thereof, in PDF format, for electronic filing and service by EXPRESS NETWORK (a Certified EFSP with eFileCA), pursuant to Local Rule 2.1.5.  Said document to be filed with the Court and e-served on Plaintiff's counsel of record, whose contact information is as follows:

| | |
|---|---|
| Shaun Setareh<br>William M. Pao<br>Alexndra R. McIntosh<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>Tel: 310-888-7771<br>Fax: 310-888-0109<br>shaun@setarehlaw.com<br>William@setarehlaw.com<br>alex@setarehlaw.com | **Attorney for Plaintiff**<br><br>**DILLON L. ARAQUE** |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on October 24, 2019, at San Francisco, California.

_____
Marianne Solano

1
Proof of Service [CCP § 1013(g) and CRC Rule 2.253]                    Case No.

# EXHIBIT D



Electronically FILED
by Superior Court of California, County of San Mateo
ON   10/22/2019
By   /s/ Marcela Enriquez
       Deputy Clerk

1   Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2   William M. Pao (SBN 219846)
       william@setarehlaw.com
3   Alexandra R. McIntosh (SBN 320904)
       alex@setarehlaw.com
4   SETAREH LAW GROUP
    315 South Beverly Drive, Suite 315
5   Beverly Hills, California 90212
    Telephone (310) 888-7771
6   Facsimile (310) 888-0109

7   Attorneys for Plaintiff
    DILLON L. ARAQUE

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN MATEO

12                       UNLIMIMTED JURISDICTION

13

14   DILLON L. ARAQUE, on behalf of himself,     Case No. 19-CIV-04886
     all others similarly situated,
15                                               Assigned For All Purposes To The Honorable
                    *Plaintiff,*                 Marie S. Weiner, Department 2
16
            vs.                                  **CLASS ACTION**
17
     VANTAGE MARKETING GROUP, LLC, a             **FIRST AMENDED COMPLAINT**
18   Utah limited liability company; TERMINIX
     INTERNATIONAL, INC., a Tennessee            1.  Failure to Provide Meal Periods (Lab. Code
19   corporation; and DOES 1 through 50,             §§ 204, 223, 226.7, 512 and 1198);
     inclusive,                                  2.  Failure to Provide Rest Periods (Lab. Code
20                                                   §§ 204, 223, 226.7 and 1198);
                    *Defendants.*                3.  Failure to Pay Hourly Wages (Lab. Code §§
21                                                   223, 510, 1194, 1194.2, 1197, 1997.1 and
                                                     1198);
22                                               4.  Failure to Indemnify (Lab. Code § 2802);
                                                 5.  Failure to Provide Accurate Written Wage
23                                                   Statements (Lab. Code §§ 226(a));
                                                 6.  Failure to Timely Pay All Final Wages
24                                                   (Lab. Code §§ 201, 202 and 203);
                                                 7.  Unfair Competition (Bus. & Prof. Code §§
25                                                   17200 *et seq.*);
                                                 8.  Civil Penalties (Lab. Code §§ 2698 *et seq.*);
26                                               **JURY TRIAL DEMANDED**

27

28

─────────────────────────────────────────────
                FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff DILLON L. ARAQUE ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against Defendant VANTAGE MARKETING GROUP, LLC, a Utah corporation; TERMINIX INTERNATIONAL, INC., a Tennessee corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

    (1)    failed to provide him and all other similarly situated individuals with meal periods;

    (2)    failed to provide them with rest periods;

    (3)    failed to pay them premium wages for missed meal and/or rest periods;

    (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

    (5)    failed to reimburse them for all necessary business expenses;

    (6)    failed to provide them with accurate written wage statements; and

    (7)    failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.     Venue is proper in the County of San Mateo because Defendants' principal place of business is in Utah, is incorporated under the laws of Utah, does business in the State of California, and has not registered a California place of business with the California Secretary of State. As such,

FIRST AMENDED CLASS ACTION COMPLAINT

1  venue is proper in any county in California.

2  **PARTIES**

3      4.      Plaintiff DILLON L. ARAQUE is, and at all relevant times mentioned herein, an

4  individual residing in the State of California.

5      5.      Plaintiff is informed and believes, and thereupon alleges that Defendant VANTAGE

6  MARKETING GROUP, LLC is, and at all relevant times mentioned herein, a Utah corporation

7  doing business in the State of California.

8      6.      Plaintiff is informed and believes, and thereupon alleges that Defendant TERMINIX

9  INTERNATIONAL, INC. is, and at all relevant times mentioned herein, a Tennessee corporation

10  doing business in the State of California.

11      7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

12  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

13  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

14  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

15  fictitiously named defendants are responsible in some manner for the occurrences, acts and

16  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

17  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

18  capacities of the DOE defendants when ascertained.

19      8.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

20  mentioned herein, some or all of the defendants were the representatives, agents, employees,

21  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

22  other defendants, and in doing the things alleged herein, were acting within the course and scope of

23  such relationship and with the full knowledge, consent and ratification by such other defendants.

24      9.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

25  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

26  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

27  acts and omissions alleged herein.

28  ///

2

FIRST AMENDED CLASS ACTION COMPLAINT

1

## CLASS ALLEGATIONS

2      10.    This action has been brought and may be maintained as a class action pursuant to

3 Code of Civil Procedure section 382 because there is a well-defined community of interest among

4 the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

5 unaware of any difficulties likely to be encountered in managing this case as a class action.

6      11.    **Relevant Time Period**:  The relevant time period is defined as the time period

7 beginning four years prior to the filing of this action until judgment is entered.

8      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
and/or any other third parties in outside sales positions in California during the **Relevant**

9 **Time Period**.

10      **Independent Contractor Class**: All **Hourly Employee Class** members who were
mischaracterized as Independent Contractors.

11

12      **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a
shift in excess of five hours during the **Relevant Time Period**.

13      **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

14

15      **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before
the filing of this action and ending when final judgment is entered.

16

17      **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three
years before the filing of this action and ending when final judgment is entered.

18

19      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
during the **Relevant Time Period**.

20      **Expense Reimbursement Class**:  All persons employed by Defendants in California who
incurred business expenses during the **Relevant Time Period**.

21

22      12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

23 right to amend or modify the class definitions with greater specificity, by further division into sub-

24 classes and/or by limitation to particular issues.

25      13.    **Numerosity**:  The class members are so numerous that the individual joinder of each

26 individual class member is impractical.  While Plaintiff does not currently know the exact number

27 of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

28 exceeds the minimum required for numerosity under California law.

FIRST AMENDED CLASS ACTION COMPLAINT

14.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

F.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

I.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

19.    Plaintiff worked for Defendants as a commission-base employee from approximately June 2017 through on or about January 2019.

20.    Plaintiff and the putative class were misclassified as independent contractors while employed by Defendants.

### Missed Meal Periods

21.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it

1  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

2  time; and (4) no formal written meal and rest period policy that encouraged employees to take their

3  meal and rest periods.

4        22.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

5  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

6  worked because Defendants' management team constantly accompanied Plaintiff and the putative

7  class on their lunches. During this time, Defendants' management team engaged in conversation

8  with Plaintiff and the putative class which entailed how they could improve on their selling skills

9  so Plaintiff and the putative class can be more successful in their jobs.

10        23.    Additionally, because Plaintiff and the putative class were accompanied by

11  Defendants' management team on their meal periods, Plaintiff and the putative class were

12  continuously under Defendants' control. Defendants' management team picked them up from their

13  selling site to take them to lunch, remained with them and escorted them back to the selling site to

14  complete their work. This demonstrates that Defendants never relinquished control over Plaintiff

15  and the putative class during their meal periods.

16                              **Missed Rest Periods**

17        24.    Plaintiff and the putative class members were not provided with rest periods of at

18  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

19  Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

20  understaffing each work shift with not enough workers; (3) imposing so much work on each

21  employee such that it made it unlikely that an employee would be able to take their breaks if they

22  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

23  encouraged employees to take their meal and rest periods.

24        25.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

25  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

26  because they were encouraged to continue selling so they could make as much money as they

27  could. Defendants' pay policy provided that Plaintiff and the putative class were solely

28  commission-based, so the more they sold, the more money they could earn. This policy resulted in

1    Plaintiff and the putative class missing their rest breaks so they could continue working.

2                                    **Expense Reimbursement**

3            1.        Plaintiff and the putative class members were required to utilize their own personal

4    cell phones to perform their job duties. More specifically, Defendants' required that Plaintiff and

5    the putative class access an App at the end of their workday to input the sales that they made that

6    day.

7            2.        Plaintiff and the putative class members were not reimbursed for business expenses

8    incurred in utilizing their personal cell phones.

9            3.        Additionally, Plaintiff and the putative class were required to wear uniforms that

10   consisted of a monogramed shirt with Defendants' logo. Plaintiff and the putative class were

11   required to maintain their shirts because Defendants' dress code required Plaintiff and the putative

12   class to wear this shirt while selling.

13           4.        Defendants failed to reimburse Plaintiff and the putative class for such expenses

14   incurred by them to maintain their uniform.

15                                        **Wage Statements**

16           1.        Plaintiff and the putative class were not provided with accurate wage statements as

17   mandated by law pursuant to Labor Code section 226.

18           2.        Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

19   earned" were not accurately reflected in that: all hours worked, including overtime, were not

20   included.

21           3.        Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

22   worked by the employee" were not accurately reflected in that: all hours worked, including

23   overtime, were not included.

24           4.        Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

25   earned" were not accurately reflected in that: all hours worked, including overtime, were not

26   included.

27           5.        Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

28   hourly rates in effect during the pay period and the corresponding number of hours worked at each

1 | hourly rate by the employee" were not accurately reflected in that: all hours worked, including
2 | overtime, were not included.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

6. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

7. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

8. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

9. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

10. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

11. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

12. Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be

considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

13.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

14.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

15.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

16.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

17.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

18.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members not provided with a compliant meal period and not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon, and costs of suit.

19.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

20.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

21.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

22.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

23.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

24.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

25.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

26.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

27.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

10

FIRST AMENDED CLASS ACTION COMPLAINT

28.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

29.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members who were not provided with a compliant rest period and were not paid a premium wage, and; therefore, seek to recover unpaid premium wages, interest thereon, and costs of suit.

30.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

31.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

32.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

33.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

34.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

35.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

36.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

37.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

38.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

39.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

40.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

41.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

42.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

43.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

44.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect

1  to working conditions and compensation arrangements.

2      45.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

3  **Employee Class** members for all time worked, including but not limited to, overtime hours at

4  statutory and/or agreed rates.

5      46.    Section 9 of the applicable Wage Order states:

6          "When uniforms are required by the employer to be worn by the employee as a
           condition of employment, such uniforms shall be provided and maintained by the
7          employer. The term 'uniform' includes wearing apparel and accessories of
           distinctive design or color."

8

9      47.    If the employer does not choose to maintain employees' uniforms itself where it is

10  required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that

11  the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at

12  the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic

13  estimate of the time involved in maintaining the uniform.

14      48.    At all relevant times during the applicable limitations period, and in violation of the

15  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

16  compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of

17  its failure to maintain employee uniforms and/or pay her a weekly maintenance allowance.

18      49.    Plaintiff is informed and believes that, at all relevant times, and in violation of the

19  above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

20  compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours

21  they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly

22  maintenance allowance.

23              **FOURTH CAUSE OF ACTION**

24              **FAILURE TO INDEMNIFY**

25              **(Lab. Code § 2802)**

26          **(Plaintiff and Expense Reimbursement Class)**

27      50.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

28  herein.

51.   Labor Code section 2802(a) states:

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

52.   At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business related expenses and costs, including but not limited to, the use of their personal cell phones for work-related purposes and the maintenance of their own uniforms.

53.   Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses incurred in the discharge of their duties.

54.   Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

55.   Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

56.   Section 9 of the applicable Wage Order states:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

57.   At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such expenditures.

58.   At all relevant times during the applicable limitations period, Defendants required Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiff and

14

**Expense Reimbursement Class** members for all such expenditures.

59. Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

60. Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

61. Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

62. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

63. Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least

three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

64.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

65.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

66.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

67.    Plaintiff and **Wage Statement Penalties Sub-Class** members who were not provide compliant accurate written wage statements have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

68.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members who are not provided a compliant accurate written wage

1   statement, and; therefore, seek the greater of actual damages or $50.00 for the initial pay period in

2   which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay

3   period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate

4   penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

5                       **SIXTH CAUSE OF ACTION**

6              **FAILURE TO TIMELY PAY ALL FINAL WAGES**

7                       **(Lab. Code §§ 201-203)**

8              **(Plaintiff and Waiting Time Penalties Sub-Class)**

9        69.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10  herein.

11       70.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

12  have been entitled, upon the end of their employment with Defendants, to timely payment of all

13  wages earned and unpaid before termination or resignation.

14       71.    At all relevant times, pursuant to Labor Code section 201, employees who have been

15  discharged have been entitled to payment of all final wages immediately upon termination.

16       72.    At all relevant times, pursuant to Labor Code section 202, employees who have

17  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

18  payment of all final wages at the time of resignation.

19       73.    At all relevant times, pursuant to Labor Code section 202, employees who have

20  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

21  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

22       74.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

23  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

24       75.    Plaintiff is informed and believes that, at all relevant time during the applicable

25  limitations period, Defendants have failed to timely pay certain **Waiting Time Penalties Sub-Class**

26  members all of their final wages in accordance with the Labor Code.

27       76.    Plaintiff is informed and believes that, at all relevant times during the applicable

28  limitations period, Defendants have maintained a policy or practice of paying certain **Waiting Time**

1 **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

2 sections 201 or 202 by failing to timely pay them all final wages.

3       77.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

4 timely pay all final wages to her and certain **Waiting Time Penalties Sub-Class** members have

5 been willful in that Defendants have the ability to pay final wages in accordance with Labor Code

6 sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

7 with those requirements.

8       78.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

9 those **Waiting Time Penalties Sub-Class** members who were not paid their final wages after

10 separation, seek waiting time penalties from the dates that their final wages have first become due

11 until paid, up to a maximum of thirty days, and interest thereon.

12       79.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

13 and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

14 **Class** members, seek awards of reasonable attorneys' fees and costs.

15 **SEVENTH CAUSE OF ACTION**

16 **UNFAIR COMPETITION**

17 **(Bus. & Prof. Code §§ 17200 *et seq.*)**

18 **(Plaintiff and UCL Class)**

19       80.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20 herein.

21       81.    Business and Professions Code section 17200 defines "unfair competition" to

22 include any unlawful business practice.

23       82.    Business and Professions Code section 17203-17204 allow a person who has lost

24 money or property as a result of unfair competition to bring a class action in accordance with Code

25 of Civil Procedure section 382 to recover money or property that may have been acquired from

26 similarly situated persons by means of unfair competition.

27       83.    California law requires employers to pay hourly, non-exempt employees for all hours

28 they are permitted or suffered to work, including hours that the employer knows or reasonable

1  should know that employees have worked.

2      84.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

3  SECOND, THIRD, FOURTH and FIFTH causes of action herein.

4      85.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

5      86.    Defendants have or may have acquired money by means of unfair competition.

6      87.    Plaintiff is informed and believes and thereupon alleges that by committing the

7  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

8  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

9  Labor Code violations alleged herein.

10      88.    Defendants have committed criminal conduct through their policies and practices of,

11  *inter alia*, failing to comport with their affirmative obligations as an employer to classify Plaintiff

12  and the putative class correctly, failing to provide Plaintiff and the putative class with uninterrupted

13  30-minute meal periods, failing to provides Plaintiff and the putative class with uninterrupted rest

14  periods, failing to reimburse Plaintiff and the putative class with their business related expenditures

15  and all other allegations contained herein.

16      89.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

17  employees and entitled to the full protections of both the Labor Code and the applicable Wage

18  Order.

19      90.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

20  constitutes unfair competition within the meaning of Business and Professions Code section 17200

21  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

22  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

23  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

24  behalf of similarly situated persons in a class action proceeding.

25      91.    As a result of Defendants' violations of the Labor Code during the applicable

26  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

27  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

28  conduct.

92.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

93.     Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

94.     California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

95.     Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

96.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

97.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

**(Lab. Code §§ 2698 *et seq.*)**

98.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

99.     During the applicable limitations period, Defendants have violated Labor Code

1  sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2802.

2      100.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

3  herself and other current and former employees, to bring a representative civil action to recover

4  civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need

5  not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

6      101.    Plaintiff, a former employee against who Defendants committed one or more of the

7  alleged Labor Code violations during the applicable limitations period, is an aggrieved employee

8  within the meaning of Labor Code section 2699(c).

9      102.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code

10  section 2699.3.

11      103.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

12  penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7,

13  510, 512, 1194, 1197, 1198 and 2802:

14          A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, 1198

15              and 2802, $100 for each employee per pay period for each initial violation

16              and $200 for each employee per pay period for each subsequent violation

17              (penalties set by Labor Code section 2699(f)(2));

18          B.    For violations of Labor Code section 203, a penalty in an amount not

19              exceeding thirty days pay as waiting time (penalties set by Labor Code

20              section 256);

21          C.    For violations of Labor Code section 204, $100 for each employee for each

22              initial violation that was neither willful nor intentional, $200 for each

23              employee, plus 25% of the amount unlawfully withheld from each employee,

24              for each initial violation that was either willful or intentional, and $200 for

25              each employee, plus 25% of the amount unlawfully withheld from each

26              employee, for each subsequent violation, regardless of whether the

27              subsequent violation was either willful or intentional (penalties set by Labor

28              Code section 210);

1      D.    For violations of Labor Code section 223, $100 for each employee for each

2          initial violation that was neither willful nor intentional, $200 for each

3          employee, plus 25% of the amount unlawfully withheld from each employee,

4          for each initial violation that was either willful or intentional, and $200 for

5          each employee, plus 25% of the amount unlawfully withheld from each

6          employee, for each subsequent violation, regardless of whether the

7          subsequent violation was either willful or intentional (penalties set by Labor

8          Code section 225.5);

9      E.    For violations of Labor Code section 226(a), if this action is deemed to be an

10          initial citation, $250 for each employee for each violation.  Alternatively, if

11          an initial citation or its equivalent occurred before the filing of this action,

12          $1,000 for each employee for each violation (penalties set by Labor Code

13          section 226.3);

14      F.    For violation of Labor Code sections 510 and 512, $50 for each employee for

15          each initial pay period for which the employee was underpaid, and $100 for

16          each employee for each subsequent pay period for which the employee was

17          underpaid (penalties set by Labor Code section 558);

18      G.    For violations of Labor Code section 1197, $100 for each aggrieved

19          employee for each initial violation of Labor Code section 1197 that was

20          intentional, and $250 for each aggrieved employee per pay period for each

21          subsequent violation of Labor Code section 1197, regardless of whether the

22          initial violation was intentional (penalties set by Labor Code section 1197.1);

23      H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

24          attorneys' fees and costs in connection with her claims for civil penalties.

25          **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

27  public, prays for relief and judgment against Defendants as follows:

28      (1)    An order that the action be certified as a class action;

1    (2)    An order that Plaintiff be appointed class representative;

2    (3)    An order that counsel for Plaintiff be appointed class counsel;

3    (4)    Unpaid wages;

4    (5)    Actual damages;

5    (6)    Liquidated damages;

6    (7)    Restitution;

7    (8)    Declaratory relief;

8    (9)    Pre-judgment interest;

9    (10)    Statutory penalties;

10    (11)    Civil penalties;

11    (12)    Costs of suit;

12    (13)    Reasonable attorneys' fees; and

13    (14)    Such other relief as the Court deems just and proper.

14    **DEMAND FOR JURY TRIAL**

15    Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

16    demands a jury trial on all issues so triable.

17

18    Dated:  October 22, 2019                    SETAREH LAW GROUP

19

20

21

22    SHAUN SETAREH
       WILLIAM M. PAO
23    ALEXANDRA R. MCINTOSH
       Attorneys for Plaintiff
24    DILLON L. ARAQUE

25

26

27

28

# EXHIBIT E

1   DOUGLAS A. WICKHAM, Bar No. 127268
    LITTLER MENDELSON, P.C.
2   633 West 5th Street, 63rd Floor
    Los Angeles, CA 90071
3   Telephone:  213.443.4300
    Fax No.:    213.443.4299
4
    ANNE SWEENEY JORDAN, Bar No. 273589
5   LITTLER MENDELSON, P.C.
    50 W. San Fernando St., 7th Floor
6   San Jose, CA 95118
    Telephone:  408.998.4150
7   Fax No.:    408.288.5686
8   Attorneys for Defendant
    TERMINIX INTERNATIONAL, INC.
9

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 4 2019

Clerk of the Superior Court
By___MARCELA ENRIQUEZ___
           DEPUTY CLERK

10              SUPERIOR COURT OF CALIFORNIA

11              COUNTY OF SAN MATEO

12  DILLON L. ARAQUE, on behalf of          Case No.  19-CIV-04886
    himself, all other similarly situated,
13                                          **DEFENDANT TERMINIX**
                   Plaintiff,               **INTERNATIONAL, INC.'S ANSWER TO**
14                                          **PLAINTIFF'S FIRST AMENDED**
         v.                                 **COMPLAINT**
15
    VANTAGE MARKETING GROUP, LLC,           ASSIGNED FOR ALL PURPOSES TO JUDGE
16  a Utah limited liability company;       MARIE S. WEINER, DEPT. 2
    TERMINIX INTERNATIONAL, INC., a
17  Tennessee corporation; and DOES 1
    through 50, inclusive, ,                FAC Filed:        October 22, 2019
18                                          Complaint Filed: August 22, 2019
                   Defendant.               Trial Date:       None
19

20

21

22

23

24

25

26

27

28

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

Defendant Terminix International, Inc. ("Terminix" or "Defendant"), by and through its attorneys, on behalf of itself and no other Defendant, hereby answers the unverified First Amended Complaint ("FAC") filed by Plaintiff Dillon L. Araque ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation in the Complaint. In addition, Defendant denies that Plaintiff and the putative class have sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendant.

## DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

## FIRST DEFENSE

### (Failure to State a Claim)

1.     Defendant is informed and believes and hereby alleges that the Complaint and each cause of action set forth therein, or some of them, fail to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Unclean Hands)

2.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of unclean hands.

//

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

2.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

**THIRD DEFENSE**

2

**(Waiver)**

3      3.      Defendant alleges, that Plaintiff's Complaint, and each cause of action alleged therein,

4   or some of them, are barred, in whole or in part, by the doctrine of waiver.

5

**FOURTH DEFENSE**

6

**(Estoppel)**

7      4.      Defendant is informed and believes that a reasonable opportunity for investigation and

8   discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action

9   alleged therein, or some of them, are barred, in whole or in part, by the doctrine of estoppel.

10

**FIFTH DEFENSE**

11

**(Laches)**

12     5.      Defendant is informed and believes that a reasonable opportunity for investigation and

13  discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action

14  alleged therein, or some of them, are barred, in whole or in part, by the doctrine of laches.

15

**SIXTH DEFENSE**

16

**(Consent)**

17     6.      Defendant is informed and believes that a reasonable opportunity for investigation and

18  discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action

19  alleged therein, or some of them, are barred, in whole or in part, by the doctrine of consent.

20

**SEVENTH DEFENSE**

21

**(Release)**

22     7.      Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein,

23  or some of them, are barred to the extent that Plaintiff and/or other putative class members and/or

24  allegedly aggrieved employees Plaintiff purports to represent have released Defendant from liability

25  as alleged in the Complaint.

26

**EIGHTH DEFENSE**

27

**(Failure to Exhaust Administrative Remedies)**

28     8.      Defendant is informed and believes that a reasonable opportunity for investigation and

3.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

1  discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action

2  alleged therein, or some of them, are barred, in whole or in part, insofar as Plaintiff and/or other

3  allegedly aggrieved employees Plaintiff purports to represent failed to timely and adequately exhaust

4  available administrative remedies under the California Labor Code and the Private Attorneys General

5  Act.

6  **NINTH DEFENSE**

7  **(Failure to Provide LWDA Adequate Notice)**

8  9.    Defendant alleges that Plaintiff's Complaint and each cause of action alleged therein,

9  or some of them, are barred, in whole or in part, insofar as Plaintiff failed to provide the Labor &

10  Workforce Development Agency ("LWDA") proper notification of the claims and/or the names of the

11  "aggrieved employees" on whose behalf he intends to seek penalties, pursuant to the Private Attorneys

12  General Act, Labor Code sections 2698 *et seq*. ("PAGA").

13  **TENTH DEFENSE**

14  **(Lack of Standing)**

15  10.    Defendant is informed and believes that a reasonable opportunity for investigation and

16  discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth

17  therein, or some of them, are barred because Plaintiff lacks standing as a representative of the proposed

18  class and does not adequately represent the putative class members and lacks standing as a

19  representative of the allegedly aggrieved employees Plaintiff purports to represent because he is not

20  an "aggrieved employee" pursuant to PAGA.

21  **ELEVENTH DEFENSE**

22  **(Claims Not Suitable for Class, Collective, or Private Attorneys General Act Treatment)**

23  11.    Defendant is informed and believes that a reasonable opportunity for investigation and

24  discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth

25  therein, or some of them, are barred because Plaintiff has failed to and cannot satisfy the requirements

26  for the maintenance of a class, representative, or collective action, including, and without limitation,

27  ascertainability, predominance, adequacy of representation (of both the proposed class representative

28  and proposed class counsel), and superiority, and/or the existence of "aggrieved employees," and

4.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

1  further alleges that public policy considerations do not favor such a certification, collective action

2  treatment, or PAGA representative treatment.

3  **TWELFTH DEFENSE**

4  **(Satisfaction of Claims)**

5       12.    Defendant is informed and believes that a reasonable opportunity for investigation and

6  discovery will reveal, and on that basis alleges, that any monies owed to Plaintiff and/or other putative

7  class members and/or allegedly aggrieved employees Plaintiff purports to represent have been paid in

8  full and any obligations Defendant may have owed to Plaintiff and/or other putative class members

9  and/or allegedly aggrieved employees Plaintiff purports to represent have been paid or otherwise

10  satisfied.

11  **THIRTEENTH DEFENSE**

12  **(Failure to Take Meal Periods and Rest Breaks Provided or Allowed Under the Law)**

13       13.    Defendant alleges that assuming *arguendo* that Plaintiff and/or other putative class

14  members and/or allegedly aggrieved employees Plaintiff purports to represent did not take required

15  meal periods and/or rest breaks, Plaintiff and/or other putative class members and/or allegedly

16  aggrieved employees Plaintiff purports to represent are not entitled to a premium payment under

17  California Labor Code Section 226.7 and the applicable Wage Order of the Industrial Welfare

18  Commission because they (1) voluntarily failed to take meal periods and/or rest breaks that were

19  provided or allowed in compliance with California law, (2) voluntarily waived and/or relinquished

20  their right to meal periods and/or rest breaks as provided or allowed under California Labor Code

21  Section 512(a) and/or the applicable Wage Order of the Industrial Welfare Commission, and/or (3)

22  Defendant did not engage in any act or omission to prevent or prohibit Plaintiff and/or other putative

23  class members and/or allegedly aggrieved employees Plaintiff purports to represent from taking meal

24  periods and rest breaks that were provided or allowed in accordance with applicable law and Company

25  policy.

26  **FOURTEENTH DEFENSE**

27  **(Labor Code Section 226 – No Injury)**

28       14.    Defendant is informed and believes that a reasonable opportunity for investigation and

5.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1   discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein,

2   or some of them, are barred because Plaintiff and/or other putative class members and/or allegedly

3   aggrieved employees Plaintiff purports to represent have not suffered any injury from any alleged

4   failure by Defendant to comply with California Labor Code Section 226.

5                                  **FIFTEENTH DEFENSE**

6            **(Labor Code Section 226 – Not a "Knowing and Intentional Failure")**

7            15.    Defendant alleges that, even assuming *arguendo*, that Plaintiff and/or other putative

8   class members and/or allegedly aggrieved employees Plaintiff purports to represent were not provided

9   with proper itemized statements of wages and deductions, which Defendant denies, Plaintiff and/or

10  other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent are

11  not entitled to recover damages because Defendant's alleged failure to comply with California Labor

12  Code Section 226 was not a "knowing and intentional failure" under California Labor Code Section

13  226(a).

14                                  **SIXTEENTH DEFENSE**

15                                 **(Timely Wage Payments)**

16           16.    Defendant is informed and believes that a reasonable opportunity for investigation and

17  discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein,

18  or some of them, are barred because (1) there are *bona fide* disputes as to whether Defendant failed to

19  timely pay all wages due, (2) there are *bona fide* disputes as to whether Defendant failed to present

20  wage statements on a timely basis, and (3) Defendant has not willfully failed to pay such

21  compensation, if any is owed.

22                                 **SEVENTEENTH DEFENSE**

23                                 **(Statute of Limitations)**

24           17.    Defendant is informed and believes that a reasonable opportunity for investigation and

25  discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth

26  therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited

27  to, those set forth in California Code of Civil Procedure Sections 337, 338(a), 340(a) and/or 343;

28  California Labor Code Section 203(b); California Business and Professions Code Section 17208; and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

1  29 U.S.C. Section 255(a).

## EIGHTEENTH DEFENSE

### (*Bona Fide* Dispute)

18.     Defendant alleges that the Complaint and each cause of action therein, or some of them, fails to state a claim for penalties under the California Labor Code in that there was a *bona fide* dispute as to Defendant's obligations under any applicable Labor Code provisions.

## NINETEENTH DEFENSE

### (Purported Violations *De Minimis*)

19.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, are barred in whole or in part because even assuming, *arguendo*, that Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent may be able to prove the existence of alleged violations of the California Labor Code and/or the applicable Wage Order of the Industrial Welfare Commission, such alleged violations, if any, are *de minimis*, and therefore Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent are not entitled to any additional compensation.

## TWENTIETH DEFENSE

### (Avoidable Consequences)

20.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, are barred in whole or in part by the doctrine of avoidable consequences. *See Dep't of Health Servs. v. Super. Ct.*, 31 Cal. 4th 1026 (2003).

## TWENTY-FIRST DEFENSE

### (Entitlement to Credit or Setoff)

21.     Defendant alleges that, assuming Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent are entitled to any unpaid wages, Defendant is entitled to a credit or setoff.  This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiff and/or other putative class members and/or allegedly aggrieved

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   employees Plaintiff purports to represent.  The claims of Plaintiff and/or other putative class members

2   and/or allegedly aggrieved employees Plaintiff purports to represent are barred because Plaintiff

3   and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to

4   represent would be unjustly enriched if they prevailed on any of said claims.

## TWENTY-SECOND DEFENSE

### (Breach of Duty)

7       22.    Defendant is informed and believes that a reasonable opportunity for investigation and

8   discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth

9   therein, or some of them, are barred by Plaintiff's own breach of duties owed to Defendant under

10  California Labor Code Sections 2853, 2854, 2856, 2857, 2858 and/or 2859.

## TWENTY-THIRD DEFENSE

### (Failure To Mitigate)

13      23.    Defendant is informed and believes that a reasonable opportunity for investigation and

14  discovery will reveal, and on that basis alleges, without admitting any facts pled by Plaintiff, that if

15  Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports

16  to represent have sustained any loss, injury, or damages either as alleged in the Complaint or at all,

17  which Defendant expressly denies, the same were directly and proximately caused or exacerbated by

18  Plaintiff's and/or other putative class members and/or allegedly aggrieved employees' own conduct,

19  promises, and representations to Defendant, and failure to take actions to mitigate these losses,

20  injuries, or damages.

## TWENTY-FOURTH DEFENSE

### (Excessive Fines)

23      24.    Defendant alleges that, as applies to this action, employment of civil penalties would

24  result in the imposition of excessive fines in violation of Article I, Section 17 of the California

25  Constitution and the eighth amendment of the United States Constitution. *See People ex rel. Lockyer*

26  *v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

27  //

28  //

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213 443 4300

8.

1

2

**TWENTY-FIFTH DEFENSE**

**(Unconstitutionality of Multiple Penalties)**

3
25.     Defendant alleges that multiple individual penalties would deprive Defendant of its

4
fundamental constitutional rights to due process.

5

6

**TWENTY-SIXTH DEFENSE**

**(Arbitrary and Capricious Fines)**

7
26.     Defendant alleges that the claims for civil penalties of Plaintiff and/or allegedly

8
aggrieved employees Plaintiff purports to represent under the PAGA would result in an award that is

9
unjust, arbitrary and oppressive, or confiscatory within the meaning of California Labor Code section

10
2699(e)(2), and the Court should exercise its discretionary powers to reduce the maximum civil

11
penalties available, if any such penalties are awarded.

12

13

**TWENTY-SEVENTH DEFENSE**

**(Claims Unconstitutionally Vague and Ambiguous)**

14
27.     Defendant is informed and believes that a reasonable opportunity for investigation and

15
discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth

16
therein, or some of them, are barred because the applicable Wage Orders of the Industrial Welfare

17
Commission, California Business and Professions Code Section 17200, *et seq.*, and California Labor

18
Code Section 2698, *et seq.*, are unconstitutionally vague and ambiguous and violate Defendant's rights

19
under the United States Constitution and the California Constitution as to, among other things, due

20
process of law.

21

22

**TWENTY-EIGHTH DEFENSE**

**(Penalties Violate Substantive and Procedural Due Process)**

23
28.     Defendant alleges that, as applies to this action, employment of civil penalties would

24
violate Defendant's procedural and substantive and procedural due process rights (vis-à-vis the

25
Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection

26
Clauses in Article 1 of the California Constitution).  *See State Farm Mut. Auto. Ins. Co. v. Campbell*,

27
538 U.S. 408 (2003); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

28
//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

**TWENTY-NINTH DEFENSE**

**(Violation of Due Process)**

29.    Defendant alleges that certification of a class or maintenance of this action as a PAGA representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTIETH DEFENSE**

**(Unfair Business Practices Claim Violates Due Process)**

30.    Defendant alleges that prosecution of this action under Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, § 7 of the California Constitutions.  That violation is both procedural, by imposing a procedure that would render it impossible for Defendant to defend its interests and property, and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

**THIRTY-FIRST DEFENSE**

**(Bus. & Prof. Code Section 17200 – Compliance with Obligations)**

31.    Defendant alleges that Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes and regulations, said compliance affording Defendant a safe harbor to any claim under Business and Professions Code Section 17200, *et seq.*

**THIRTY-SECOND DEFENSE**

**(Bus. & Prof. Code Section 17200 – No Penalties)**

32.    Defendant alleges that Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent cannot recover penalties, such as those under California Labor Code Sections 203, and 226.7, pursuant to California Business and Professions Code Section 17200, *et seq.*

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRTY-THIRD DEFENSE

### (No Knowledge of Work)

33.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein, or some of them, are barred in whole or in part because if Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work" and such overtime "work" was undertaken without the direction, consent or permission of Defendant.

## THIRTY-FOURTH DEFENSE

### (No Injury)

34.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff lacks standing to sue under California Business and Professions Code Section 17200 and 17204 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

## THIRTY-FIFTH DEFENSE

### (Plaintiff's Claims Moot)

35.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and each cause of action therein, or some of them, are barred in whole or in part because Plaintiff's claim for alleged violations of California Business and Professions Code Section 17200, *et seq.*, is barred because, to the extent that Plaintiff's Complaint seeks to enjoin Defendant from engaging in "unfair" or otherwise "unlawful business practices," if any, such claims are moot because, assuming *arguendo* that Defendant engaged in such business practices, Defendant has since discontinued, modified and/or corrected its policies and practices and it no longer engages in the alleged conduct.

## THIRTY-SIXTH DEFENSE

### (Failure to State a Claim for Attorneys' Fees and Costs)

36.     Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

1    of action for which attorneys' fees and costs may be awarded.

2    **THIRTY-SEVENTH DEFENSE**

3    **(Prejudgment Interest)**

4    37.    Defendant alleges that the Complaint fails to properly state a claim upon which

5    prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an

6    award of prejudgment interest.

7    **THIRTY-EIGHTH DEFENSE**

8    **(Unjust Enrichment)**

9    38.    Defendant alleges that the Complaint, and each cause of action set forth therein, or

10   some of them, are barred because Plaintiff and/or other putative class members and/or allegedly

11   aggrieved employees Plaintiff purports to represent did not incur any damages or losses, and any award

12   of such alleged damages and/or losses would unjustly enrich them.

13   **THIRTY-NINTH DEFENSE**

14   **(Initial Violation)**

15   39.    Defendant alleges that, insofar as Defendant has never been cited by the Labor

16   Commissioner, or received an adverse judgment against it in a court of law, with respect to any of

17   Plaintiff's Labor Code claims, any civil penalties awarded to Plaintiff under PAGA must be limited to

18   those penalties applicable to an initial violation.

19   **FORTIETH DEFENSE**

20   **(No PAGA Representative Action)**

21   40.    Defendant alleges that the claims of Plaintiff and/or the allegedly aggrieved employees

22   Plaintiff purports to represent are such that they cannot be tried on a representative basis because (1)

23   such a determination requires complex factual issues, (2) penalties could not be calculated on a

24   representative basis, (3) the penalties would not be identical for all aggrieved employees, (4) trying

25   such a representative action would be unmanageable; and (5) would be contrary to the legislative intent

26   of the Private Attorney General Act.

27   //

28   //

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

## FORTY-FIRST DEFENSE

### (No Multiple Recoveries/Stacking of PAGA Penalties)

41.    Defendant alleges that Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent are not entitled to multiple recoveries or stacking of civil penalties under the Private Attorney General Act for the same alleged violations.

## FORTY-SECOND DEFENSE

### (Claims Asserted in Bad Faith; Attorneys' Fees)

42.    Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, and on that basis, alleges that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

## FORTY-THIRD DEFENSE

### (No Right to Jury Trial under PAGA)

43.    Defendant alleges that Plaintiff does not have a right to a jury trial because a PAGA claim is an action solely seeking PAGA penalties which sounds in equity and thus may only be tried to a court.

## FORTY-FOURTH DEFENSE

### (Unconstitutionally Violative of Separation of Powers)

44.    Defendant alleges that Plaintiff's claim for penalties based upon the PAGA is unconstitutional on the basis that it violates the separation of powers doctrine by empowering private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

## FORTY-FIFTH DEFENSE

### (Labor Code § 226(a) - Wage Statements: Substantial Compliance)

45.    Defendant alleges that any claim for violation of Labor Code section 226 (a) or claim for civil penalties pursuant to the PAGA predicated on Labor Code section 226(a), or any applicable Wage Order, fail because Defendant substantially complied with the applicable statute or Wage Order.

//

13.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**FORTY-SIXTH DEFENSE**

**(Offset)**

46.     Defendant alleges that if Plaintiff and/or members of the putative class succeed in establishing any violation of the law, and to the extent any sums are found due and owing to Plaintiff and/or members of the putative class, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or the putative class members over and above their respective wages.

**FORTY-SEVENTH DEFENSE**

**(Not Employer)**

47.     Defendant alleges that Plaintiff's claims fail because Plaintiff and/or the putative class members were not employed by Terminix International, Inc.

**FORTY-EIGHTH DEFENSE**

**(No Liability)**

48.     Defendant alleges that liability for Plaintiff's and putative class members' claims resides with Vantage Marketing Group, LLC, and Terminix International, Inc. is not liable for any alleged employment claims.

**RESERVATION OF RIGHT TO AMEND TO ADD ADDITIONAL DEFENSES**

49.     Defendant does not presently know all of the facts respecting the conduct of Plaintiff and/or other putative class members and/or allegedly aggrieved employees Plaintiff purports to represent to allow it to state all defenses at this time. Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional defenses available of which it is not fully aware at the present time. Defendant reserves the right to amend this Answer to assert said additional defenses should it later discover facts demonstrating the existence and applicability of same.

//

//

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

14.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**PRAYER FOR RELIEF**

1

2          WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

3          1.      That Plaintiff takes nothing by the Complaint;

4          2.      That the Complaint be dismissed in its entirety, with prejudice, and that

5   Judgment be entered against Plaintiff and in favor of Defendant on Plaintiff's causes of action;

6          3.      That Defendant is granted its reasonable costs and attorneys' fees in defending

7   this action; and

8          4.      For such other and further relief as the Court deems just and proper.

9   Dated:  October 24, 2019

10

11   _____

12   DOUGLAS A. WICKHAM
     ANNE SWEENEY JORDAN

13   LITTLER MENDELSON, P.C.
     Attorneys for Defendant

14   TERMINIX INTERNATIONAL, INC.

15   4810-9196-8682.2 081934.1065

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

15.

DEFENDANT TERMINIX INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: | FOR COURT USE ONLY |
|---|---|

NAME: Douglas A. Wickham, SBN 127268 // Anne Sweeney Jordan, SBN 273589
FIRM NAME: Littler Mendelson
STREET ADDRESS: 633 W. 5th St., 63rd Fl. // 50 W. San Fernando St., 7th Fl.
CITY: Los Angeles, CA 90071 // San Jose,
CA 95113                          STATE:          ZIP CODE:
TELEPHONE NO.: 213.443.4300       FAX NO.: 213.443.4299
E-MAIL ADDRESS: dwickham@littler.com; ajordan@littler.com
ATTORNEY FOR (name): Defendant Terminix International, Inc.

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 4 2019

Clerk of the Superior Court
By ___ MARCELA ENRIQUEZ ___
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

Plaintiff/Petitioner: DILLON L. ARAQUE
Defendant/Respondent: VANTAGE MARKETING GROUP, LLC, et al.

CASE NUMBER:
19-CIV-04886

JUDICIAL OFFICER:
Hon. Marie S. Weiner

DEPARTMENT:
2

| **PROOF OF SERVICE—CIVIL** |
|---|
| Check method of service (only one): |
| ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery |
| ☐ By Messenger Service   ☐ By Fax |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   50 W. San Ferndando St., 7th Fl., San Jose, CA 95113

3. ☐ The fax number from which I served the documents is (complete if service was by fax):

4. On (date): October 24, 2019          I served the following **documents** (specify): Defendant's Terminix International, Inc.'s
   Answer to Plaintiff's First Amended Complaint

   ☐ The documents are listed in the Attachment to Proof of Service-Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Shaun Setareh, William M. Pao, Alexandra R. McIntosh
   b. ☒  (Complete if service was by personal service, mail, overnight delivery, or messenger service.)
      Business or residential address where person was served:
      Setareh Law Group, 315 S. Beverly Drive, Ste. 315, Beverly Hills, CA 90212

   c. ☐  (Complete if service was by fax.)
      Fax number where person was served:

      ☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—
      Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a
      party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the
      attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an
      individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by
      leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For
      a party, delivery was made to the party or by leaving the documents at the party's residence with some person not
      younger than 18 years of age between the hours of eight in the morning and eight in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. March 15, 2019]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Page 1 of 3

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov



American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| Dillon L. Araque v. Vantage Marketing Group, LLC, et al. | 19CIV04886 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Jose, CA

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 24, 2019

Adriana R. Anaya
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)


American LegalNet, Inc.
www.FormsWorkFlow.com